**ELLIS, Admx., Plaintiff-Appellant, v. GARWOOD, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24104.   Decided June 20, 1957.

Charles H. Ayres, for plaintiff-appellant.

McConnell, Blackmore, Cory, Burke & Kundtz, for defendant-appellee.

(Judges of the Ninth District sitting by designation in the Eighth District.)

444

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law.

Robert Ellis, the appellant's decedent, was riding in an automobile driven by the appellee, John S. Garwood, in a northerly direction on U. S. Route 21 in Cuyahoga County, Ohio, on December 1, 1954, at about 8:30 o'clock p. m. Mr. Ellis and Mr. Garwood were employed as engineers for the Sperry Gyroscope Co. of New York, and both of them lived in, and were residents of, the state of New York. They were temporarily in Ohio on business for their employer. Mr. Garwood was an engineer section head of his company, and Mr. Ellis was a sales engineer.

The automobile driven by Mr. Garwood had been rented for company purposes while these employees were in Ohio. At the intersection of Rockside Road and U. S. Route 21 in Cuyahoga County, there was a collision with another automobile, and this collision caused the death of Mr. Ellis.

Mrs. Ellis, in her own behalf, and on behalf of the children of Mr. Ellis, applied for and received the workmen's compensation provided for by the laws of the state of New York. Thereafter, Mrs. Ellis, as administratrix of the estate of Robert Ellis, filed this action for wrongful death in the Common Pleas Court of Cuyahoga County, Ohio, against Mr. Ellis' fellow-employee, Mr. Garwood.

Counsel for Mr. Garwood, by way of answer to this action, set up as a defense a provision of the workmen's compensation law of New York, designated "Section 29 (6)," which provided as follows:

"The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee, or in case of death, his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

Ohio has no such limitation in its statutes.

Mrs. Ellis then filed a demurrer to this defense, and such demurrer was overruled by the trial court. Mrs. Ellis did not desire to plead further, and her petition was dismissed.

It is from the judgment overruling the demurrer and dismissing the petition that an appeal on questions of law is brought to this court.

The sole question before us concerns the right to maintain in Ohio this action for wrongful death when the plaintiff's decedent and the defendant were fellow employees, resident in New York, but temporarily in Ohio, where the accident and the death occurred, when the New York workmen's compensation law bars a recovery for death caused by the acts of a fellow-employee where, under that legislative act, benefits have been paid to those entitled thereto.

Shall Ohio apply the rule set out in the New York statute, or shall Ohio apply its own statutory rule, which does not preclude an action for wrongful death to be maintained against co-employee?

In the case of Landrum v. Middaugh, 117 Oh St 608, the court said:

"An employe who has applied for and accepted compensation for an injury received in the course of his employment through the negligent act of his foreman, performed in the regular course of such fore-

man's employment while both the employe and his foreman were working for an employer who had complied with the provisions of the Workmen's Compensation Act, cannot thereafter maintain an action against his foreman to recover damages for his injury."

Thereafter, in the case of **Morrow v. Hume, Admx., 131 Oh St 319,** the court said:

"2. When, prior to the effective date of the guest statute (§6308-6, GC), an employee who is riding in an automobile owned and driven by his superior co-employee under the latter's sole control, is killed through the negligence of the driver in operating the car, while both are engaged in making a trip in the service of the employer, an action for such negligence may be maintained notwithstanding the dependents of the deceased are entitled to and have receivd compensation under the Workmen's Compensation Law."

The court, in distinguishing the Landrum v. Middaugh case, supra, said, at page 326:

"* * * It thus appears that the foreman was the **alter ego** of the employer in the operation of the employer's machinery.

"In the instant case the defendant was in a different position in that he was operating and controlling his own automobile. The defendant did owe a duty to the decedent and may be held to respond in damages for the wrongful death based on his negligence provided all elements warranting recovery are present."

Thus, in a situation such as we have in this case, if both parties were resident in Ohio and working for an Ohio employer, the conclusion in this matter would be relatively simple, since the rule set out in Morrow v. Hume, Admx., supra, has not been overruled or modified by the Ohio Supreme Court.

Does the fact that the parties are domiciled in and resident of the state of New York so alter the substantive law in Ohio as to require the application of New York law?

It can hardly be seriously argued that a payment made under the Workmen's Compensation Law of New York is a full and complete satisfaction for the wrongful death of one under the marital status of Robert Ellis, when we consider his earning capacity as an engineer, and his age at the time of death.

If we seek a solution of this problem within the general rules of conflict of laws, we find in 1 Beale, Conflict of Laws, Sec. 7.2, the author saying:

"* * * In this country, as has already been said, all qualifications are determined by the law of the forum. Examples of qualifications are differences in rules of domicil, * * * and of the place of wrong, and the question whether a certain rule is substantive or procedural."

And in Restatement of Conflict of Laws, Sec. 7, Comment on Clause (a), it is stated that:

"* * * if there is a difference between the law of the forum and the law of another state as to what * * * rules of law pertain to the substantive rights of the parties and what rules are procedural only, the court at the forum applies its own law to such matters. * * *"

In Young v. Marci, 77 L. Ed. 1158, at p. 1161, the court said:

"Liability for a tort depends on the law of the place of the injury; and (apart from the effect of the full faith and credit clause which is not here involved) agreements made elsewhere cannot curtail the power of a state to impose responsibility for injuries within its borders."

In 2 Beale, Conflict of Laws, Sec. 378.2 the author says:

"The existence and nature of a cause of action for a tort is governed by the law of the place where the plaintiff's alleged right to be free from the act or event complained of is alleged to have been violated by a wrongful act or omission. It follows, therefore, that the law of the place of wrong determines whether or not there is a cause of action for the wrong. This is true although both parties are elsewhere domiciled. Thus, where a person driving a car collided with the rear end of a truck standing on the highway on a dark, rainy night, the court held that the place where the collision occurred furnished the rule as to the cause of action."

See also: Restatement of Conflict of Laws, Sec. 378; Reutenik v. Gibson Packing Co., et al., 231 P. 773; Dorr Cattle Co. v. Des Moines Natl. Bank, 98 N. W. 918; Hall v. Hamel, 138 N. E. 925.

The question herein presented, with reference to the effect of the full faith and credit clause of the Constitution of the United States in this action, has been answered in the case of Carroll, et al., etc., v. Lanza, 349 U. S. 408, 99 L. Ed. 1183, where the court said, at pp. 412 and 413:

"* * * in these personal injury cases the State where the injury occurs need not be a vassal to the home state and allow only that remedy which the home state has marked as the exclusive one. The State of the forum also has interests to serve and to protect. Here Arkansas has opened the courts to negligence suits against prime contractors, refusing to make relief by way of workmen's compensation the exclusive remedy."

An examination of the Ohio cases discloses that it has been the consistent policy of this state to allow actions against third persons who have caused the injury or wrongful death, and that an award of workmen's compensation is not a bar to an action against a third person tort-feasor. **Trumbull Cliffs Furnace Co. v. Shachovsky, 111 Oh St 791; George v. City of Youngstown, 139 Oh St 591; Hartford Acc. & Indemnity Co. v. Procter & Gamble Co., 91 Oh Ap 573.**

The workmen's compensation act provides an insurance fund operated by the state for the benefit of injured employees and their dependents, and in that respect it is not an award of damages for a wrong committed by one person upon another. See: **Ohio Public Service Co. v. Sharkey, Admr., 117 Oh St 586.**

We realize the force of the argument in this case, that Mr. Ellis, when he entered into his contract of employment, accepted the provision of the New York law, which precluded an action such as we have in the instant case; and such argument would be controlling if, by reason of the full faith and credit clause of the Constitution of the United States, we were required to accept this statutory portion of his contract

of employment. We have pointed out above, in the Carroll, et al., v. Lanza case, supra, that we are not bound by such provision.

We believe, as shown by Morrow v. Hüme, Admx., supra, and by the fact that an award of compensation is in the nature of an insurance benefit, that the public policy in this state is such as to permit this action to be maintained.

We determine that the demurrer filed herein should have been sustained.

The judgment of the trial court will be reversed, and the cause remanded to the Court of Common Pleas for further proceedings.

Judgment reversed and cause remanded.

DOYLE and STEVENS, JJ, concur.