## Witherow v. American Ambulance Company

*Francis J. Fornelli,* for plaintiff.

*Cyril T. Garvey,* for defendants.

McKAY, P. J., February 15, 1967.—There is before the court a motion for summary judgment by the American Ambulance Company (American) and John Francis Murphy (Murphy), two of the three defendants in the above-entitled case.

The facts necessary to decide the question presented are contained in the pleadings. American is an Ohio corporation with its principal place of business in Youngstown, Ohio. Plaintiff and Murphy are residents of Ohio. On December 7, 1963, plaintiff and Murphy were both employes of American, whose regular business is to provide ambulance service. The contract of employment and the regular place of employment are in Ohio.

On December 7, 1963, plaintiff was injured in a collision between a vehicle operated by the third defendant, Tomko, and an ambulance being operated by Murphy, his co-employe of American, while answering an ambulance call across the State line in Mercer County, Pa., and thus while acting in the course of their employment and in furtherance of their employer's business. Plaintiff has been awarded workmen's compensation for those injuries from the Bureau of Workmen's Compensation of the State of Ohio.

Plaintiff has now brought the instant action in our court against American, Murphy and Tomko jointly to recover in a common-law action damages to compensate him for the same injuries for which he has received the compensation award.

The basis of the two defendants' motion for summary judgment is that, inasmuch as plaintiff has been awarded compensation by the compensation authorities of the State of Ohio, an action in trespass at the common law will not lie in our Pennsylvania court.

The position of plaintiff is that the present action lies notwithstanding plaintiff has been awarded compensation in Ohio on the theory that one State, here Pennsylvania, has the power to grant a recovery in tort under the common law notwithstanding the action would be barred in Ohio because the Workmen's Compensation Act of that State makes the compensation award exclusive of any common-law remedy for injuries received by an employe in the course of his employment.

Both Pennsylvania[1] and Ohio[2] have workmen's

---

[1] In Pennsylvania the act is the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §1; Venezia v. Philadelphia Electric Company, 317 Pa. 557 (1935); Jackson v. Gleason, 320 Pa. 545 (1936). The amendment exempting fellow employes from liability is the Act of August 24, 1963, P. L. 1175, sec. 1, 77 PS §72, which reads: "If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong".

[2] Ohio Rev. Code Ann. §4123.741; Bevis v. Armco Steel, 86 Ohio App. 525, 93 N. E. 2d 33 (1949).

The Ohio employe amendment, also adopted in 1963, reads:

"No employee of any employer, as defined in division (B) of Section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such em-

compensation statutes that exempt not only employers but fellow employes from liability for a tort which occurs in the course of employment covered by the compensation acts.

Accordingly, the question presented is whether, when both Pennsylvania and Ohio have statutes under which compensation benefits for an injury in the course of employment are an exclusive remedy of an employe against either his employer or a fellow employe, may he maintain a tort action at the common law in Pennsylvania against either to recover damages for personal injuries sustained by him in Pennsylvania while in the course of such employment?

At the outset it must be decided whether the law of Ohio or of Pennsylvania governs the rights of the parties with respect to bringing the present action. Inasmuch as the employer as well as both employes are domiciled in Ohio, the contract of employment was entered into in that State, the duties of the employment are ordinarily carried on in Ohio and all of the other contacts of the parties are Ohioan, excepting only the place where the accident occurred, we hold that the law of Ohio is the law that is applicable to the rights of the parties in this case: Griffith v. United Air Lines, Inc., 416 Pa. 1 (1964).

This determination alone is sufficient to decide the instant action. Since under the law of Ohio, which is applicable, the exclusive remedy of plaintiff for the injuries on which he founds his suit is to proceed under the Ohio workmen's compensation statute, it follows that our Pennsylvania court, in applying

---

ployer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under Sections 4123.01 to 4123.94, inclusive, of the Revised Code": Effective 10-1-63, Ohio Rev. Code Ann. §4123.741.

the Ohio law, may not recognize any right, which would otherwise be his, to bring a common action here to recover for those injuries.

However, there are still other considerations which reinforce this determination.

I. THE CASE AGAINST AMERICAN, THE EMPLOYER.

It is the general rule of conflict of laws that the place of injury (or other forum) will not permit a tort recovery against the employer if the latter is made immune from such liability by the workmen's compensation statute under which the injured employe has obtained (or can obtain) an award: 2 Larson, Workmen's Compensation, §88.10(1961); Restatement, Conflict of Laws, §403 (Supp. 1948), which states:

"Award already had under the Workmen's Compensation Act of another state will not bar a proceeding under an applicable Act, unless the Act where the award was made was designed to preclude the recovery of an award under any other Act, but the amount paid on a prior award in another state will be credited on the second award".

Section 401 of Restatement, Conflict of Laws (Supp. 1948), also applicable here, states: "If a cause of action in tort or an action for wrongful death either against the employer or against a third person has been abolished by a Workmen's Compensation Act of the place of wrong, no action can be maintained for such tort or wrongful death in any state".

The reasons advanced for this rule are threefold:

1. There is a desire to achieve interstate unity in the handling of the controversy. See Leflar, Conflict of Laws, §139 (1959).

2. It is considered unfair for a person who has been insured against a risk by the workmen's compensation statute of one State and granted immunity from tort liability to lose that immunity just because

some other State has sufficient connection with the injury to entertain an action.

3. To refuse to recognize the immunity granted to a person under the workmen's compensation statute of a sister State would frustrate the efforts of that State to restrict the cost of industrial accidents and to afford a fair basis for predicting what these costs will be.

Accordingly, it is generally held that if the injured employe has recovered, or can recover, an award under the. workmen's compensation statute of the State whose law governs the employment contract, and if that statute excuses the employer or other person from tort liability, this immunity will generally be recognized in other States: See Scott v. White Eagle Oil & Refining Co., 47 F. 2d 615 (D. Kan., 1930) ; Barnhart v. American Concrete Steel Co., 227 N. Y. 531, 125 N. E. 675 (1920) ; Orleans Dredging Co. v. Frazie, 179 Miss. 188, 173 So. 431 (1937).

If the injured employe has recovered (or can recover) an award under the workmen's compensation statute of the State of injury and if that statute excuses the employer or other person from tort liability, this immunity will generally be recognized in other States. See Wilson v. Faull, 27 N. J. 105, 141 A. 2d 768 (1958); Williamson v. Weyerhaeuser Timber Co., 221 F. 2d 5 (9th Cir. 1955) ; Jonathan Woodner Co. v. Mather, 210 F. 2d 868 (D. C. Cir. 1954); Tucker v. Texas Co., 203 F. 2d 918 (5th Cir. 1953).

In Willingham v. Eastern Airlines, 199 F. 2d 623 (2d Cir., 1952), the forum was a State having a relationship with the employment. Plaintiff sued her deceased husband's employer under the wrongful death act of the State of injury. She had previously recovered an award against the employer under the workmen's compensation act of Georgia, the State of the employment contract. Since the Georgia act

declared the employer immune from liability for wrongful death, his motion for summary judgment was granted.

There is authority to the contrary. Plaintiff points to the case of Meade v. The Pennsylvania Railroad Company, 99 Pitts. L. J. 307 (1951), in which the contrary was held, the court stating, at page 308:

"To give such a statute (the Workmen's Compensation Law of New York) extraterritorial effect, it would be necessary to have some comity arrangement between the two States and we are not advised that any such comity legislation exists".

The above is the only reference to the question here involved in the opinion in the Meade case. It does not appear that the court gave thorough consideration to the question.

In Young v. Masci, 289 U. S. 253 (1933), it was held that agreements made elsewhere cannot curtail the power of a State to impose responsibility for injuries within its borders. This decision, however, is based upon the premise that liability for a tort depends upon the law of the place of the injury. In the present case, however, it is the law of Ohio that governs under the Griffith case, supra.

Applying these principles to the instant case, we hold that since the Ohio statute under which plaintiff has obtained an award declares the employer to be immune from tort liability, summary judgment should be granted in favor of defendant American.

## II. The Action Against Murphy (Fellow Employe)

Coming to plaintiff's case against his fellow employe, we find the law to be the same. Although fellow servants owe no obligation in workmen's compensation to the injured employe, several workmen's compensation statutes extend immunity from tort liability to them. When the statute under which the injured

employe has obtained, or can obtain, an award grants such immunity, it will generally be recognized in other States: Restatement, Conflict of Laws, §401 (Supp. 1948), supra. The reasons for the rule are the same as those above mentioned for the rule in actions against the employer.

So, in Ohlhaver v. Narron, 195 F. 2d 676 (4th Cir., 1952), the injured employe was not permitted to sue his fellow employe in North Carolina (the place of injury) because he had collected workmen's compensation in New York and the New York statute declared fellow employes immune from suit.

In Stacy v. Greenberg, 9 N. J. 390, 88 A. 2d 619 (1952), the Supreme Court of New Jersey refused to entertain a tort action against a fellow employe because of an immunity granted him by the workmen's compensation act of New York, the State of "primary employment". Although New Jersey policy permits such an action against a fellow employe, the court was of the opinion that principles of comity required New Jersey to give effect to the New York statute. Speaking for the court, Mr. Justice William J. Brennan, Jr., now on the United States Supreme Court, said (9 N. J. at 398, 88 A. 2d at 623):

"By making the New York statute the applicable law in the instant cases we merely recognize that by their conduct plaintiffs have subjected themselves to certain restrictions upon their rights to pursue remedies against their fellow servants incorporated by the New York law into their contracts of employment. These are substantial provisions of such contracts and create in employers and fellow employees rights of immunity from suit, and should be enforced by us when not contrary to our public policy".

Accord: 2 Larson, Workmen's Compensation, §88.22 (1961).

Plaintiff points to the case of Ellis v. Garwood, 143 N. E. 2d 715 (Ohio App., 1957), affirmed 168

Ohio 241, 152 N. E. 2d 100 (1958). In that case, the court, observing that Ohio had no policy prohibiting recovery against fellow employes, held that the receipt of benefits under a sister State's workmen's compensation statute which grants immunity to fellow employes would not constitute a bar to a common law action in Ohio.

It will be noted, however, that since the Ellis decision, Ohio's compensation statute as amended, as heretofore noted, decreed the policy in Ohio of prohibiting an injured employe from recovering against a fellow employe. The authority of the Ellis decision is thus correspondingly restricted.

Plaintiff also cites the case of Passigli v. Lipson, 6 D. & C. 2d 329 (1955), as authority for his position. The Passigli case, however, was decided in 1955 on the ground that Pennsylvania did not prohibit an action at common law between fellow employes. As noted above, however,[3] the Act of 1963, enacted since the Passigli case, contains such prohibition. Accordingly, the Passigli case, like the Ellis case, is not authority in the instant one.

Our decision does not rest upon the full faith and credit clause of the Federal Constitution. It has been held that that clause in itself does not require a court in the State of the place of injury or elsewhere to defer to the exclusive remedy provided by a workmen's compensation statute of the place of employment: Carroll v. Lanza, 349 U. S. 408, 75 S. Ct. 804 (1955).

From the above, it follows that in the present action summary judgment must be granted in favor of defendant Murphy as well as defendant American.

## Order

Now, February 15, 1967, it is ordered that defendant's motion for judgment in the action of Harold J.

---

[3] See footnote 2, supra.

Witherow, Jr., v. American Ambulance Company is granted, and that judgment be entered in favor of defendant, American Ambulance Company.

### ORDER

Now, February 15, 1967, it is ordered that defendant's motion for judgment in the action of Harold J. Witherow, Jr., plaintiff, v. John Francis Murphy, defendant, is granted, and that judgment be entered in favor of defendant, John Francis Murphy.