## ANDERSON v. LIBBEY GLASS MFG. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1976. Decided Mar. 15, 1928.

Judges Crow, Hughes and Justice of the 3rd Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

1283. WORKMEN'S COMPENSATION—631. Industrial Commission—829. Negligence.
1. Aggravated damages, to employe, caused by malpractice of employer's doctor, held to be natural and proximate consequences of initial injury.
2. Where workmen's compensation law, through Industrial Commision, is providing plaintiff full compensation for injuries, plaintiff cannot recover damages in suit based on theory that company is liable for negligence in employing incompetent physician.

Error to Common Pleas.
Judgment affirmed.

James Harrington Boyd and John F. Stahl, Toledo, for Anderson.
Marshal, Melhorn, Marler & Martin, Toledo, for Glass Mfg. Co.

FULL TEXT.

HUGHES, J.

The trial judge directed a verdict for the defendant upon the opening statement of counsel for plaintiff, which disclosed in substance, the following facts:

Plaintiff, a glass tube gauger in the employ of defendant, received an injury to her ankle while in the course of her employment. She was taken to the first aid hospital, operated by defendant, by the servants of defendant, and there received treatment. At a later day her ankle became swollen, and again by the servants of defendant she was taken to Doctor Baldwin, a physician in the employ of defendant, who treated her injury further. The facts disclose in more or less detail, the extent of her present condition as well as the progress of her misfortune from the time of receiving her injury, to the present, but for the purposes here it is sufficient to say that as a result of the malpractice of this doctor, the aggravated condition of her injured ankle has left her in a very badly and permanently crippled condition.

Within due time after her injury at the factory, she applied for and received, and is still receiving, from the Workmen's Compensation fund, compensation for this injury. She has made no application to the Industrial Commission for additional compensation for the aggravated condition of her ankle, but has brought this suit against her employer to recover damages, based on the theory that the company is liable for its negligence in employing an incompetent physician; and also liable for his tortuous acts in treating the injured ankle.

We have read with care and study, the able and thorough briefs and written arguments presented to us by learned counsel for the parties.

Without entering into a discussion of the many problems urged upon us for consideration, we are constrained to say that to us it seems there is but this simple and single problem before us for solution: i. e., are the aggravated damages, caused by the malpractice of

the doctor, the natural and proximate consequences of the initial injury to plaintiff's ankle?

This question has been determined in the affirmative by our Supreme Court in the case of Loeser v. Humphrey, 41 O. S. 378.

Therefore the Workmen's Compensation law, through the Industrial Commission, is now providing plaintiff full compensation for the injuries she is here seeking a recovery for. See also, Landrum v. Middaugh, to be reported in 117 Ohio State Reports.