**BEVIS, Plaintiff-Appellant, v. ARMCO STEEL CORPORATION, etc., Defendant-Appellee.**

Ohio Appeals, First District, Butler County.

No. 961.   Decided December 3, 1949.

**474**

Robert E. Brooks, Louis C. Capelle, Robert E. L. Young, Cincinnati, for plaintiff-appellant.

G. W. A. Wilmer, Frost & Jacobs, Middletown, for defendant-appellee.

## OPINION

By HILDEBRANT, J.:

Demurrer to the amended petition on the grounds, that (1) the court had no jurisdiction of the subject-matter of the action; and (2) the amended petition did not state facts sufficient to constitute a cause of action, was sustained by the Common Pleas Court, and the judgment entered for the defendant appealed here on questions of law.

Plaintiff labels his amended petition an action for deceit, alleging in substance that in November, 1928 he was employed by defendant as a bricklayer and continued in such employment until December, 1944, when ill health, due to silicosis, acquired in the course of such employment, forced him to discontinue such employment; that defendant is amenable to and has complied with the Workmen's Compensation Law of Ohio, and that this action is not based on any of the provisions of that law; that he was given physical examinations previously, including X-Ray of the chest by defendant's doctors, and on April 4, 1944 examined by a lung specialist, hired by defendant, including X-Ray of the chest.

The deceit alleged was that while these examinations revealed to the defendant that plaintiff had contracted silicosis, nevertheless the defendant concealed that fact from the plaintiff and falsely represented to plaintiff, both orally and in writing, that such examinations disclosed no evidence of silicosis, whereby plaintiff was induced to continue on the job, where he was exposed to harmful working conditions, resulting in the aggravation and acceleration of his silicosis until he became totally and permanently disabled thereby, to his great damage.

The trial court correctly stated the sole question to be:— May a complying employer be held liable to respond in damages at common law or otherwise for any injury or disease or

bodily condition occurring in or arising out of the course of the employment?

In proposing to amend **Section 35 of Art. II of the Ohio Constitution,** the legislature in its schedule contained in the joint resolution **110 O. Laws, 632,** states the purposes of the amendment to be:

"Providing compensation for all accidents and diseases arising out of employment, providing additional compensation for employes where accident or disease results from failure to comply with specific requirements for the protection of lives, health and safety of employes, abolishing open liability of employers, and providing a fund for the investigation and prevention of industrial accidents and diseases." (Emphasis added.)

It is, therefore, clear that the legislature in proposing, and the people in adopting the amendment, considered that the language thereof was sufficient to abolish the open liability of employers. That section, as amended, effective January 1, 1924, reads in part:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease."

Thereafter, in **Mabley & Carew Co v. Lee, 129 Oh St., 69,** the amended constitutional provision was held sufficiently broad to bar the action for damages based on an alleged violation of the laws relating to the employment of females and minors. The Court, at page 74, in contrasting the language of the amendment with former provisions refers to the legislative intent disclosed in **110 Ohio Laws 632.** It is further noted at page 73 that former §1465-76 GC, providing

for an election by the employee in the case of willful acts of the employer was considered, as by implication, repealed by the amendment effective January 1, 1924, and that thereafter, in 1931, the legislature expressly repealed that Section in **114 Ohio Laws, 26, 39,** further evidencing the legislative intent and construction that the amendment had successfully abolished the open liability of employers.

However, in **Triff, Admx. v. Foundry Co., 135 Oh St, 191,** decided March 29, 1939, the Mabley & Carew case was expressly overruled. It was held in syllabus 2:

"The right of action of an employee for the negligence of his employer directly resulting in a non-compensable occupational disease has not been taken away by **Section 35, Article II of the Constitution of Ohio,** or by §1465-70 GC."

As stated by this Court in **Weil v. Taxicabs of Cincinnati, Inc., 68 Oh Ap, 277,** at 279, an Act was passed May 25, 1939 as an emergency measure, apparently with the purpose of eliminating the open liability of employers disclosed by the Triff decision and §1465-70 GC, was amended to read:

"Employers who comply with the provisions of §1465-69 GC shall not be liable to respond in damages at common law or by statute, for any injury, disease or bodily condition, whether such injury, disease or bodily condition is compensable under this act or not, or for any death resulting from such injury, disease or bodily condition, of any employee, wherever occurring, during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation direct to his injured or the dependents of his killed employees as herein provided.

"No action against an employer, who has complied with the provisions of §1465-69 GC, to recover damages at common law or by statute for any injury, disease or bodily condition, or death resulting from any injury, disease or bodily condition of an employee arising out of his employment by such employer shall be commenced after 180 days after the effective date of this act."

In **Sebek v. Bronze Co., 148 Oh St, 693,** the plaintiff sought damages for ptomaine poisoning, contracted after eating a meal furnished by the employer in its cafeteria as part of the contract of hire, and the Court, finding plaintiff had suffered an injury in the course of and arising out of the employment, stated:

"It follows, therefore, that by the provisions of §1465-70 GC, plaintiff is precluded from successfully maintaining a civil action for damages against the defendant."

The **State, ex rel. Engle, v. Industrial Com., 142 Oh St, 425,** states in the first paragraph of the syllabus:

"The amendment of **Section 35, Article II of the Constitution** (effective January 1, 1924) extinguished all right of an injured workman to bring an action at law for damages against an employer amenable to and complying with the provisions of the Workmen's Compensation Act; thereafter every injury sustained in the course of and arising out of his employment, except an injury purposely self-inflicted, was made compensable under the provisions of the Workmen's Compensation Act."

In contrasting the law before and after the 1923 amendment, effective January 1, 1924, the Court says at page 430:

"By this amendment, the right of the workman (or in case of death his legal representative) to maintain an action at law was extinguished even though the injury was caused by a complying employer's violation of a lawful requirement; after the effective date of the amendment, regardless of how the injury occurred, the rights of the workman (or in case of death his legal representative) were determined by the Industrial Commission under the compensation act. Thereafter the courts were without jurisdiction to entertain an action for damages for death, personal injury or occupational disease brought by or on behalf of a workman against his complying employer. That result was deemed to be advantageous to both workman and employer. The employer could not be subjected to an action which might result in his being compelled to pay both compensatory and punitive damages, and the workman (or in case of death his legal representative) was relieved from electing at his peril either to prosecute an action or apply for compensation. The net result was that for every injury sustained in the course of and arising out of the employment the workman was entitled to compensation, regardless of whether the injury was caused by unavoidable accident, by his own negligence, the negligence of a fellow workman, or the failure of his employer to comply with a lawful requirement. The only exception was an injury which was purposely self-inflicted.

"We deem it important that in original **Section 35, Article II,** the purpose was stated thus: 'For the purpose or providing compensation to workmen and their dependents, for death, injuries or occupational disease * * *'; and although **Section 35, Article II,** was amended generally in 1923 the above quoted language is still found intact in the amendment.

"In our opinion the fact that the purpose clause remained unchanged indicates a clear legislative intent to provide compensation only, **regardless** of how the injury occurred."

It was held in **Lacher v. Roxana Petroleum Corp., 40 Oh Ap, 444:**

"Where an employer complies with the Workmen's Compensation Act, he cannot be made to respond in damages at the suit of an employee who is maliciously assaulted and injured in the course of his employment by a fellow employee. The claim is compensable and compensation is in lieu of damages (**Article II, Section 35, Constitution**—adopted 1923—)."

And, at page 446, the Court said:

"Under this constitutional provision as amended, injury by willful act of the employer is compensable, but cannot be made the basis of an action for damages."

The California case of Sarber v. Aetna Life Ins. Co., 23 Fed (2d) 434, likewise an action for deceit, was a case where the employer's physician performed an operation on plaintiff to remove a fragment of steel from his leg, but not only did not remove it, but falsely informed plaintiff it had been removed. The Court held the California Workmen's Compensation Law to be the exclusive remedy.

As part of the mining laws of Ohio, §898-80 GC, gives a cause of action to employees against employers who violate the section or willfully fail to comply therewith, but exempts from the provisions of the act employers who have complied with the Workmen's Compensation Law, providing that such employers not be liable to respond in damages at common law or by statute for injury or death of an employee wherever occurring.

Again, §1465-73 GC, denies to the non-complying employer the benefits of the act and deprives them of certain common law defenses.

These two above provisions further indicate the legislative intent to make the Workmen's Compensation Law an exclusive remedy.

Taking the allegations of the petition as true at the time of the original deception, plaintiff was not prevented from bringing a common law action in damages, but only from filing a compensable claim with the Industrial Commission. The further deception whereby plaintiff was induced to continue working, whereby continued and harmful exposure resulted in aggravation of his original condition again only prevented the filing of a compensable claim and did not deprive him of a right of action in damages, because he never has had such a right.

The general rule is that aggravated damages caused by the malpractice of the doctor involved are the natural and proximate result of the original injury. This rule was applied to a Workmen's Compensation case in **Anderson v. Libby Glass Mfg. Co., 6 Abs., 400,** citing **Loeser v. Humphrey, 41 Oh St, 378.**

We know of no instance since the 1923 amendment where the courts have permitted a common law action under any theory for a compensable claim.

Prior to the 1923 Amendment, an election of remedies being afforded, election to file a claim for compensation was held to bar an action for damages. It appears from the report of **State, ex rel. Bevis v. Coffinberry, 151 Oh St, 293,** that plaintiff herein has invoked the jurisdiction of the Industrial Commission by filing occupational disease claim No. O. D. 4064-22, seeking compensation for the same disabilities claimed in this action, and sought to direct the action of the Commission by mandamus in that suit. It, therefore, appears that plaintiff is and ought to be barred and estopped from prosecuting the instant case.

From the foregoing it is clear that the constitution and laws intend and the Supreme Court in **State, ex rel. Engle v. Industrial Commission, 142 Oh St, 425,** and **Sebeck v. The Cleveland Graphite Bronze Co., 148 Oh St, 693,** has so construed them, that the open liability of employers is abolished and in every case where the injury, disease, or bodily condition occurred in or arose out of the employment, no matter how incurred, the Workmen's Compensation Law is the exclusive remedy and such condition is either compensable under that law or not at all, and that no action of any kind may be brought against a complying employer therefor, and whether or not such injury, disease, or bodily condition is compensable under the law or not.

In the recent case of John O'Black v. Ohio Steel Foundry Co., No. 978 on the docket of the Court of Appeals for the Third Appellate District of Ohio (certification since denied

by the Supreme Court) wherein the action was predicated on fraud and deceit for damages for concealment resulting in aggravation of an existing pathelogical condition, that court held that no action at common law, irrespective of the form, is maintainable under the present law, under material facts identical with the case at bar.

MATTHEWS, J, not participating.

ROSS, PJ, concurring:

I concur with my associate that the judgment of the trial court should be affirmed. I also concur in his opinion, however, with the distinct reservation that there are still certain common law actions which an employee may maintain against an employer which are not abrogated by the provisions of the Workmen's Compensation Act. It seems clear that such actions as libel, slander, malicious prosecution, false representations, and an action for fraud may still be maintained, although the relationship of employer and employee exists, and the facts sustaining such cause of action might involve the incidents of employment.

In the instant case, a cause of action for false representations is stated in part. The difficulty with the case of the plaintiff is that the damages alleged fall within the classification definitely provided for by the Workmen's Compensation Act, and the plaintiff, therefore, fails to allege other damages for which the law now recognizes a remedy by compensation.

The injury charged, as the result of the defendant's fraud, is the exact injury for which he is allowed and did claim compensation under the Workmen's Compensation Act.

The law does not furnish a double satisfaction for a wrong. The plaintiff claims in his pleading that he was induced to continue in his employment by reason of the fraud of his employer and suffered certain injuries thereby. Those injuries are the ones for which he claimed and was awarded compensation. If he were permitted to recover in the instant action, a double satisfaction for the same injury would follow.

I also wish to be understood as excluding from the rule of abrogation a situation where, by reason of the fraud of the employer, the employee is caused to forego his remedy under the Workmen's Compensation Act. The damage in such case would not be met by compensation under that Act. There would not, as in the instant case, be a double satisfaction.