Bell, J.
The question presented by this appeal may be. stated thus: May an employee maintain an action against his employer for the wilfull and fraudulent or negligent failure of the employer to file a claim for workmen’s compensation, where the employer agreed to file the claim for the employee, and where the claim was later filed by the employee and denied by the Industrial Commission because the statutory period of time within which the claim could be filed had expired?
There is no doubt that under the laws of this state a claim for workmen’s compensation must be filed within two years after an injury or death or such claim shall be forever barred. Section 1465-72a, General Code (Section 4123.84, Eevised Code); State, ex rel. Carr, v. Industrial Commission, 130 Ohio St., 185, 198 N. E., 480; State, ex rel. Goodenough, v. Industrial Commission, 132 Ohio St., 218, 6 N. E. (2d), 755.
Similarly, there is no doubt that an employer who complies with the Workmen’s Compensation Act shall not be liable to respond in damages at common law or by statute for any injury, disease or death of an employee occurring during the period of compliance by the employer. Section 1465-70, General Code (Section 4123.74, Eevised Code).
It is the contention of plaintiff, however, that his petition does not attempt to state a cause of action for any injury or *6 disease resulting from Ms employment, but rather it states a common-law cause of action for deceit (or negligence), which deceit resulted in his failure to receive compensation for his injury.
Deceit is, of course, a species of fraud. To maintain an action for damages for deceit certain elements must be present. There must be (1) an actual or implied false representation or concealment (2) of a material fact (3) with knowledge of its falsity (4) made with the intent to mislead another into relying upon it and (5) followed by actual reliance thereon by such other person having the right to so rely (6) with injury resulting to such person because of such reliance.
A study of the petition in this case, the facts in which for the purpose of the demurrer herein must be taken as true, reveals the allegation of all the elements of an action for deceit. And, unless such action is barred by the Workmen’s Compensation Act, the petition states a cause of action.
Section 35, Article II, Ohio Constitution, as amended January 1, 1924, provides in part as follows:
“Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease.” This court has stated on many occasions the purpose of this provision of the Constitution and the statutes enacted pursuant thereto. In Zajachuck v. Willard Storage Battery Co., 106 Ohio St., 538, 140 N. E., 405, it is said:
“In its scheme of compensatory legislation, and acting within its constitutional power, that of taking away rights of action, the Legislature did pass a comprehensive law granting to those employers cofnplying with the workmen’s compensation law complete immunity for any ‘injury or death’ occurring during the period covered by the premium paid.”
Similar expressions may be found in State, ex rel. Engle, v. Industrial Commission, 142 Ohio St., 425, 52 N. E. (2d), 743, and Mabley & Carew Co. v. Lee, a Minor, 129 Ohio St., 69, 193 N. E.. 745, 100 A. L. R., 511.
*7 There can be no doubt of the intention of the people in approving Section -35, Article II of the Constitution, or of the Legislature in enacting Section 1465-70, General Code, and other sections of the Workmen’s Compensation Act, pursuant to the Constitution. The intention was to relieve a complying employer from any liability, either at common law or by statute, for the death, injury or occupational disease suffered by an employee in the course of and arising out of his employment. Plaintiff had a direct remedy for compensation for his injury under the act. It was his duty to see that the requisite application was properly filed within the statutory period of limitation. Had he done so we may assume he would still be receiving compensation.
By promising gratuitously to do what the plaintiff should have done for himself, the defendant incurred no legal obligation either to file the claim or to respond in damages for failure to file it. (However, we readily admit that, if the facts in the petition are true, the defendant certainly assumed a moral obligation to see that its injured employee was adequately compensated. And furthermore, if the facts in the petition are true, the Industrial Commission should and probably will.revoke the defendant’s status as a self-insurer.)
Attempting to sue an employer for deceit is not without precedent. Bevis v. Armco Steel Corp., 86 Ohio App., 525, 93 N. E. (2d), 33, motion to certify overruled (case No. 32035), was an action for deceit brought against an employer for the concealment of a lung condition that was aggravated by continued employment. It was held that no action at common law, irrespective of the form, is maintainable under the present law.,
It is argued by plaintiff that the concurring opinion of Judge Ross in the Bevis case, supra, is authority for maintaining the instant action. Judge Ross said: “I also wish to be understood as excluding from the rule of abrogation a situation where, by reason of the fraud of the employer, the employee is caused to forego his remedy under the Workmen’s Compensation Act.” This language, standing alone, would be persuasive. Earlier in his.opinion, however, Judge Ross,said: “In the instant case a cause of action for false representations is stated in part. The difficulty with the case of the plaintiff is *8 that the damages alleged fall within the classification definitely provided for by the Workmen’s Compensation Act, and' the plaintiff, therefore, fails to allege other damages for which the law now recognizes a remedy by compensation.”
Admittedly, the damages to which plaintiff would be entitled here are the amounts he would have received under the Workmen’s Compensation Act. It is our belief that the situation falls within the constitutional and statutory abrogation of employer’s liability.
Although the Bevis case is perhaps distinguishable on its facts from the instant ease, the careful analysis of the constitutional and statutory provisions made by Judge Taft in Bevis v. Armco Steel Corp., 156 Ohio St., 295, 102 N. E. (2d), 444, is persuasive.
Since the open liability of employers has been abolished and since plaintiff’s claim was not filed within the statutory period of limitation, the demurrer of the defendant was properly sustained.
The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias and Taet, JJ., concur.
Stewart, J., concurs in the syllabus but dissents from the judgment.
Hart and Zimmerman, JJ., dissent.