Anthony J. Di Giovanna, J.
On this motion by corporate defendant and its officers and directors as codefendants for judgment dismissing the complaint under rule 106 of the Rules of Civil Practice, there is presented the question of the right of an employee to sue his employer at common law for damages resulting from a serious injury alleged to have been caused by the willful and wanton acts of the defendants who are covered by workmen’s compensation insurance.
Defendants assert that since the corporate defendant has provided workmen’s compensation insurance, the employee cannot maintain a common-law action for damages but is confined solely to a right of compensation thereunder.
Plaintiff, as an employee of the defendant corporation, was engaged in the manufacture of gas ranges, a hazardous employ - ment, and having received injuries arising out of and in the course of his employment, even though covered by workmen’s compensation, now seeks redress by instituting an action at common law. Plaintiff contends that the remedy provided by section 11 of the Workmen’s Compensation Law is not exclusive, but that he has a cause of action either at common law or under the Employer’s Liability Act, by reason of the wanton and willful affirmative acts of defendants.
The Workmen’s Compensation Law deals with and has application to accidental injuries arising out of and in the course of employment and not to an intentional act by an employer, which act causes a serious injury to an employee (Barrenbento v. Cocker Saw Co., 266 N. Y. 139).
It is well settled that an intentional tort or an intended wrong is not the “ wrong ” which the Legislature intended would bar a common-law cause of action against either an employer or employee.
“ The defendants’ acts constitute an invasion of plaintiff’s rights for which the law gives him an action for damages. The fact that plaintiff may or may not, at his election^ seek relief under the compensation law does not, in our opinion, bar his right to maintain an action to recover damages against the wrongdoer.” (De Coigne v. Ludlum Steel Co., 251 App. Div. 662, 666.)
Implicit in the decision in Wasserman v. Josephson (61 N. Y. S. 2d 204) is the recognition that for a willful, unlawful, *44 deliberate and intentional wrong the defense of Workmen’s Compensation Law is not available to the employer or coemployee.
In this case, plaintiff employee alleges not an accidental injury but a wanton, willful and deliberate act on the part of the employer, which act was the proximate cause of his injuries. The intentional act complained of is that the safety locks on the steel presses, which were operated by the employee and which afforded him the protection necessary in this hazardous occupation, were deliberately sealed and intentionally caused to be made inoperative by defendants so that more work could be accomplished at the risk of greater danger to the employee. “ Malice and wantonness imply and indicate an act done, not accidentally, but intentionally, with design and under circumstances evincing a reckless destructive spirit (Cyclopedia Law Dictionary [1922 ed.], pp. 635,1070).” (Le Pochat v. Pendleton, 187 Misc. 296, 298.)
The defendants’ contention as to nonjurisdiction is unavailing in this case because it is unnecessary to allege in the complaint that the defendant did not carry workmen’s compensation insurance where the employer is liable in either event (Le Pochat v. Pendleton, supra).
When a complaint is attacked for insufficiency, every intendment and fair inference reasonably deducible therefrom must be resolved in its favor.
In the present state of the pleadings, therefore, the court may not disregard the allegations, which, if proven, will entitle plaintiff to his choice of common-law remedy.
Motion to dismiss complaint is denied. Submit order.