Fred J. Murder, J.
This is a motion under rule 106 of the Rules of Civil Practice to dismiss the complaint on the grounds (1) that, under the facts alleged, the court does not have jurisdiction of the subject of the action, the only remedy being that provided by the Workmen’s Compensation Law; and (2) that the complaint does not otherwise state facts sufficient to constitute a cause of action.
In the first cause of action the plaintiff Louis Fragnoli’s status as an employee within the meaning, terms and protection of the Workmen’s Compensation Law is fixed by the allegations set forth therein. Under ordinary circumstances the exclusiveness of the remedy for accidental injury provided by the statute cannot be controverted. (Workmen’s Compensation Law, §§ 11, 29, subd. 6.) Where the employer has failed to secure the payment of compensation for his injured employee, the latter may maintain an action in the courts for damages sustained as a result of such injury. (Workmen’s Compensation Law, § 11.) The exception must, however, be alleged to show he is not limited to the exclusive remedy provided by the act. (Nulle v. Hardman, Peck & Co., 185 App. Div. 351.) The complaint herein contains no such allegation.
Though it is well settled that a plaintiff is not barred from a common-law action against an employer or fellow employee for willful tort or intentional wrong (De Colgne v. Ludlum Steel Co., 251 App. Div. 662; Artonio v. Hirsch, 4 Misc 2d 42), the complaint herein, despite arguments of counsel to the contrary, pleads only a cause in negligence.
The first cause of action must therefore be dismissed.
*438 As to the second cause of action, it must in any case be dismissed, since an. action by a wife for loss of consortium for injuries sustained by her husband is held not to be maintainable. (Kronenbitter v. Washburn Wire Co., 4 N Y 2d 524.)
The motion is accordingly granted with leave to the plaintiff Louis Fragnoli, if he be so advised, to serve an amended complaint within 20 days of service of a copy of the order to be entered hereon with notice of entry.
Submit order.