RICHARD EMPIE, an Infant, by RALPH BARTHOLOMEW, His Guardian ad Litem, Plaintiff, v. GEORGE W. ENTWHISTLE et al., Defendants.

Supreme Court, Herkimer County, July 30, 1962.

*Bartle Gorman* for defendants. *Philip D. O'Donnell* for plaintiff.

BERT B. LOCKWOOD, J. The defendants have moved pursuant to rule 103 of the Rules of Civil Practice for an order striking out paragraph " 6 " of plaintiff's complaint upon the ground the matter contained in said paragraph is sham, frivolous, irrelevant, redundant, unnecessary, impertinent or may tend to prejudice, embarrass or delay the fair trial of the above action. Paragraph " 6 " of the complaint in substance alleges that defendants had failed to obtain workmen's compensation covering its employees and in particular to cover the injuries covered by the plaintiff in the accident in question.

The complaint recites that " while the infant plaintiff, in the performance of his duties as farm laborer for the defendants aforesaid, was standing in the box of the said jeep truck which had been parked by the defendants' son in close proximity to the field chopper and farm tractor, by reason of the icy condition of the floor of the box of said jeep truck, infant plaintiff lost his footing and was thrown into the knives of the said field chopper."

Motions to strike out part of a complaint as sham or irrelevant are not favored and they will not be granted in the absence of a clear showing that the allegations have no possible bearing upon the subject matter of the litigation and that substantial prejudice will result if the allegations objected to are not stricken out. (*Manco Distrs.* v. *Bigelow-Sanford Carpet Co.,* 11 A D 2d 1088.)

A reading of the complaint clearly establishes the defendants as owners and operators of a farm and the plaintiff to be employed as a farm laborer for the defendants, and at the time of the alleged occurrence plaintiff was in the performance of his duties as a farm laborer. The plaintiff was not in the class of employees who are required to be covered by workmen's compensation insurance and it is unnecessary to allege in the complaint that defendants did not carry workmen's compensation insurance, where defendant employers are liable to employee plaintiff in either event. (*Artonio* v. *Hirsch,* 4 Misc 2d 42, affd. in part and revd. in part on other grounds 3 A D 2d 939.)

This is not a case where the plaintiff must carry the burden to show he is not limited to the exclusive remedy provided by the Workmen's Compensation Law in which event it would be essential for the complaint to show such an allegation. (*Fragnoli* v. *Israel,* 20 Misc 2d 436.) The Workmen's Compensation Law places no duty or obligation on these defendants to carry workmen's compensation insurance and their failure to carry such insurance has no possible bearing on this litigation unless and until it is interposed as a defense to the action and the defendants should not be prejudiced by permitting the plaintiff to state or allege a failure on the part of the defendants to do something they were under no obligation to do. If the defendants carried workmen's compensation which covered the plaintiff at the time of the accident the burden is on these defendants to affirmatively plead and prove same. This court therefore determines that the allegations contained in paragraph " 6 " have no possible bearing on this litigation as pleaded and that the defendants will be substantially prejudiced if the allegations contained in paragraph " 6 " of plaintiff's complaint are not stricken. The defendants' motion is therefore granted and paragraph " 6 " should be stricken from plaintiff's complaint and plaintiff may be permitted to serve an amended complaint omitting said paragraph within 20 days of service of a copy of the order to be entered hereon with notice of entry.