Nicholas M. Pette, J.
In this negligence action which is primarily to recover damages for personal injuries allegedly suffered by the plaintiff Rudolph Heller, the defendant moves to dismiss the second cause of action on the ground that it is legally insufficient.
The defendant, in support of the motion, contends that the second cause of action pleaded on behalf of the plaintiff Edith Heller, who is the wife of the other plaintiff Rudolph Heller, for loss of consortium, loss of services and loss of her own earnings while tending to her husband is legally insufficient inasmuch as a wife may not sue for loss of consortium and other related damages.
The plaintiff Edith Heller, in opposition, concedes that a wife may not sue for loss of her husband’s services nor for her husband’s consortium in an ordinary negligence action but may do so in an action based on a willful and intentional tort. Thus, argues the plaintiff Edith Heller, where the gravamen of a cause of action is gross negligence which the law equates with an intentional tort, a wife may sue for loss of her husband’s services, her husband’s consortium and other related damages. Therefore, concludes the plaintiff Edith Heller, since it may be that upon a trial of this action the defendant may be found to be guilty of gross negligence, to dismiss the cause of action at this point would be premature. The plaintiff Edith Heller contends that, in any event, the instant motion is directed to the entire second cause of action and thus must be denied since that portion of the cause of action which seeks to recover her loss of earnings which resulted when she had to leave her employment in order to attend to her injured husband is sufficient.
In a husband’s action to recover damages for personal injuries allegedly resulting from acts of negligence, a wife’s cause of action to recover for loss of her husband’s services, society and consortium is legally insufficient. (Kronenbitter v. Washburn Wire Co., 4 N Y 2d 524.)
While it may be true that a wife may recover for loss of services, society and consortium of her husband in the husband’s *476 action grounded on an intentional or willful tort (see Fragnoli v. Israel, 20 Misc 2d 436), the plaintiff Edith Heller’s contention that the defendant herein may be found to be guilty of gross negligence which can be equated with a willful act and thus her husband’s claim would he based upon what is the equivalent of an intentional tort and her cause of action legally sufficient, is without merit. (Don v. Benjamin M. Knapp, Inc., 306 N. Y. 675; see, also, Passalacqua v. Draper, 199 Misc. 827, revd. 279 App. Div. 660.) Furthermore, a claim by a wife to recover damages for services rendered and to be rendered for the care of an allegedly injured husband (see Passalacqua v. Draper, supra) as well as other medical expenses incurred (Cook v. Snyder, 119 N. Y. S. 2d 481, 482) is merely a claim for damages incidental to a cause of action for loss of consortium and cannot serve to support an independent cause of action. Such a claim must fall if the cause of action for loss of consortium fails.
Thus by a parity of reasoning, the plaintiff Edith Heller’s claim for damages for loss of earnings because of the necessity to leave her employment to tend to her allegedly injured husband is merely a claim for damages incidental to the cause of action for loss of consortium, etc., and must fall with that cause of action.
Accordingly, the motion is in all respects granted.