107 N.J. Super. 189 (1969)
257 A.2d 733
CHARLES ROTHFUSS AND JUANITA ROTHFUSS, PLAINTIFF-APPELLANT,
v.
BAKERS MUTUAL INSURANCE COMPANY OF NEW YORK, A CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1969.
Decided October 17, 1969.
*191 Before Judges SULLIVAN, CARTON and HALPERN.
Mr. John D'Amico, Jr. argued the cause for appellant (Messrs. Drazin, Warshaw, Auerbach and Rudnick, attorneys).
Mr. Isidor Kalisch argued the cause for respondent (Mr. George H. McElroy, attorney).
HALPERN, J.A.D.
The narrow issue before us is whether an employee who suffers a compensable accident can maintain a common law action against his employer's insurance carrier for alleged wrongful and wanton acts of such carrier, resulting in injuries to the employee, which are not compensable under the Workmen's Compensation Act.
The trial court answered the issue in the negative and granted defendant's motion for judgment on the pleadings (erroneously termed summary judgment) and dismissed the complaints of the injured employee, plaintiff Charles Rothfuss, and his wife Juanita, who had sued per quod. For convenience the Rothfusses will be referred to as plaintiff. Defendant's motion for judgment was not supported by affidavits or depositions; it merely filed a brief and relied on the pleadings. Plaintiff relied on affidavits filed by his attorney and himself, which were uncontradicted. This appeal followed.
*192 On this motion the court must assume the truthfulness of the allegations in plaintiff's pleadings and give him the benefit of all reasonable inferences arising therefrom, and is called upon to decide only whether, as a matter of law, a cause of action has been stated.
Plaintiff, in the first and second counts of the complaint and supporting affidavits alleged the following: On July 26, 1966 he was an employee of Rascal House, Inc. and sustained a compensable injury. Due notice of the injury was given defendant on that same day. Defendant, the insurance carrier for plaintiff's employer, negligently, willfully and wantonly failed and refused to provide medical treatment to plaintiff, contending he had not sustained a compensable injury. In the third and fourth counts plaintiff alleged that on September 27, 1967, at the request of defendant, he was admitted to a hospital in Long Branch, New Jersey, for examination and treatment under the supervision of Dr. Donohue, who was employed by defendant. Thereafter Dr. Donohue performed a myelogram and reported to plaintiff and defendant that plaintiff's condition required an operation to remove a disc. On three occasions plaintiff was prepared for surgery, but each time it was cancelled on defendant's refusal to authorize it. He charges he was confined to the hospital for 23 days and then was compelled to leave without the operation being performed because of his inability to pay for it.
He futher charges that the acts set forth in the four counts of the complaint were committed negligently, willfully, wantonly and maliciously, with the result that he suffered unnecessary prolonged pain and mental anguish; that his compensatory injury was worsened; that he was prevented from obtaining employment sooner, and that he was not compensated under the workmen's compensation award he ultimately received for any of these injuries. Plaintiff seeks compensatory and punitive damages.
It is important to note that plaintiff contends that shortly after the accident plaintiff's employer gave written authorization *193 for treatment to a Dr. Alexander, and at the hearing before the Workmen's Compensation Division on December 20, 1967 the employer admitted the employment and the happening of the accident  this despite its previous denials. Plaintiff was awarded compensation on December 20, 1967; the disc operation was performed on January 22, 1968, and he was authorized to return to work on June 1, 1968.
In dismissing the entire complaint the trial judge concluded that the Workmen's Compensation Act was a bar to this suit, and plaintiff was limited to the relief afforded under the act. We affirm his dismissal of the first and second counts of the complaint, but reverse as to the third and fourth counts.
The first and second counts of the complaint charge defendant with failing to furnish prompt and adequate medical treatment. The remedy for such alleged wrongs lies within the provisions of the Workmen's Compensation Act, N.J.S.A. 34:15-15 and 34:15-15.1, and a suit at common law cannot be maintained N.J.S.A. 34:15-7 and 34:15-8.
Turning to the third and fourth counts of the complaint, it is alleged that defendant insurance company voluntarily undertook to examine and treat an injured employee by its own doctor, and then in disregard of such doctor's advice wrongfully, willfully and maliciously caused the employee to leave the hospital, resulting in the unnecessary suffering of prolonged pain and mental anguish. Such injuries and suffering are not compensable under the Workmen's Compensation Act and, if proved, the insurance carrier should respond in damages.
We realize there is a conflict of authority throughout the country on whether this type of action will lie; many of the decisions are based on the wording of the workmen's compensation statutes in force in the particular state. See 2 Larson's Workmen's Compensation Law 74 (Supp. 1969). Most of the cases in foreign jurisdictions which permit common *194 law suits in tort against an insurance carrier deal with situations where an insurance carrier either voluntarily, or under the terms of its policy, inspects the employer's premises and equipment and does so negligently. See Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769 (Ill. Sup. Ct. 1964); Smith v. American Employers Ins. Co., 102 N.H. 530, 163 A.2d 564 (N.H. Sup. Ct. 1960); Fabricius v. Montgomery Elevator Co. [Ins. Co. of North America], 254 Iowa 1319, 121 N.W.2d 361 (Iowa Sup. Ct. 1963); Mays v. Liberty Mutual Ins. Co., 323 F.2d 174 (3 Cir. 1963).
In a case analogous to the instant one, Aetna Life Ins. Co. v. Watts, 148 Okl. 28, 296 P. 977 (Okl. Sup. Ct. 1931), the court permitted a suit in tort by an injured employee to lie against the insurance carrier for its negligence in removing plaintiff from one hospital and putting him in another hospital resulting in aggravating his injuries during the process of removal, this removal having been done against the advice of its own treating doctor.
In the case of Waldron v. Aetna Casualty & Ins. Co., 141 F.2d 230 (3 Cir. 1944), plaintiff employee suffered a compensable accident. Defendant insurance carrier's agent authorized and undertook to pay for skin grafting operations. After commencing the required operations, defendant ordered them to be abandoned. Plaintiff charged defendant with unjustifiably repudiating and abandoning treatment, to his injury and damage, and sued defendant in tort therefor. The court held that even though defendant may not have been legally bound to furnish the skin graft operations under Pennsylvania's Workmen's Compensation Law, having undertaken to do so it became a jury question as to whether it acted negligently.
There is nothing in the New Jersey Workmen's Compensation Act which would bar this kind of common law action. In fact an analysis of Mager v. United Hospitals of Newark, 88 N.J. Super. 421 (App. Div. 1965), aff'd 46 N.J. 398 (1966), supports this view. In Mager Judge Goldmann thoroughly analyzed the New Jersey Workmen's Compensation *195 Act and concluded that a workmen's compensation carrier, maintaining its own medical clinic for treating injured employees, is liable for the negligent treatment of such employees, and that the act does not give it immunity as the employer's carrier. He classified the insurance carrier as a third person liable to an employee under N.J.S.A. 34:15-40 if its acts negligently caused harm to the employee which are alleged to have occurred in the course of an independent undertaking not under the insurance policy or the act.
Nor is this action barred by the exception contained in the second paragraph of N.J.S.A. 34:15-8. The first paragraph of that statute limits an employee or his personal representatives to the awards of compensation provided for under the act. It represents a surrender of his or their rights to any other method, form or amount of compensation. The second paragraph of the statute provides:
If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.
This exception does nothing more than give fellow employees immunity for their negligent acts committed on each other in the course of their employment, unless intentionally committed. Bryan v. Jeffers, 103 N.J. Super. 522 (App. Div. 1968), certif. den. 53 N.J. 581 (1969).
We make no comment or decision concerning the claim for punitive damages or the claim for loss of consortium. These issues will await future developments.
Reversed and remanded in accordance with this opinion.
SULLIVAN, P.J.A.D. (concurring).
I agree that a final ruling as to the third and fourth counts was premature.
At oral argument counsel for plaintiff stated that the real basis of plaintiff's suit was the contention that defendant undertook to provide medical treatment to plaintiff, had him *196 admitted to the hospital in September 1967 for that purpose, and thereafter, against the medical advice of its own doctor, wrongfully refused needed treatment and ordered plaintiff out of the hospital.
According to plaintiff's counsel, irrespective of any issue of workmen's compensation liability, defendant, having undertaken to provide plaintiff with medical treatment, was obligated to exercise reasonable care to that end.
On the motion for dismissal defendant did not controvert plaintiff's contentions, and the court should have denied the motion as to the third and fourth counts.
Whether plaintiff can establish these contentions by competent proof is another matter.