**Raymond ROOF et al., Plaintiffs,**

v.

**VELSICOL CHEMICAL CORPORATION et al., Defendants.**

**Civ. A. No. C 73–805 Y.**

United States District Court,
N. D. Ohio, E. D.

May 1, 1974.

John D. Liber, James A. Hofelich, Cleveland, Ohio, for plaintiffs.

Norman A. Rheuban, David C. Mott, Canfield, Ohio, Louis Paisley, Richard T. Reminger, Cleveland, Ohio, for defendants.

### ORDER

CONTIE, District Judge.

Defendant Nease Chemical Company (hereinafter Nease) has moved this Court for summary judgment as to certain of plaintiffs' claims for punitive damages. Upon consideration and for the reasons stated below, the motion is granted.

Plaintiffs and new party plaintiffs are twenty-one employees of Nease (hereinafter employees) and their fami-

lies. They bring this diversity action for damages to redress damages allegedly resulting from defendants' fraud, negligence, misrepresentation, and breach of express and implied warranties relating to the production by Nease of a chemical herbicide known as "VCS–438".

Plaintiffs' original complaint contained claims by seven of the employees for compensatory damages against their employer Nease, and claims by these employees' spouses against Nease for loss of services and consortium resulting from their husbands' injuries. Apparently recognizing that Ohio Workmen's Compensation Act has extinguished all rights to recover on these claims, Bevis v. Armco Steel Corp., 156 Ohio St. 295, 102 N.E.2d 444 (1951); Bevis v. Armco Steel Corp., 86 Ohio App. 525, 93 N.E.2d 33 (1949), they are omitted from plaintiffs' second amended complaint.

As the case presently stands, plaintiffs' claims may be categorized as follows:

1. The employees claim from Velsicol Chemical Corporation (hereinafter Velsicol) compensatory damages for their injuries; they[1] claim from both Velsicol and Nease compensatory damages for loss of services and consortium and medical expense suffered by reason of injury to their wives and children.

2. The family members claim from both Velsicol and Nease compensatory damages for their injuries; the employees' spouses further claim from Velsicol compensatory damages for the loss of services of their husbands.

3. All plaintiffs claim punitive damages from both defendants.

Although the specific grounds for plaintiffs' claim for punitive damages against both Nease and Velsicol are unclear from the complaint, plaintiffs' briefs demonstrate that a part of such claim contains a demand for punitive damages by the employees and by their spouses for loss of services and consortium against Nease. It is for this portion of plaintiffs' claim for punitive damages that Nease seeks summary judgment.

The issue thus presented is whether parties may maintain an action for punitive damages against an employer where the same action for compensatory damages would be barred by Ohio's Workmen's Compensation Act.

■ In interpreting this Act, Ohio courts have consistently held that complying employers "are not liable to respond in damages at common law or by statute for any injury, disease, or death of an employee occurring during the period of compliance". 58 O.Jur.2d Workmen's Compensation § 15. This rule of non-liability extends to suits for loss of consortium by the injured employee's spouse where the loss of consortium resulted from injury or disease compensable under the Workmen's Compensation Act. Bevis v. Armco Steel Corp., 156 Ohio St. 295, 102 N.E.2d 444 (1951). The Ohio courts have apparently recognized no exception for actions demanding punitive damages only.

■ Nor would such an exception be consistent with Ohio Workmen's Compensation Act. This Act provides statutory rights to relatively speedy and moderate reimbursement to workmen for injury sustained in work related activities. These rights were substituted for all previously available remedies, on the theory that partial reimbursement is more socially desirable than the uncertainty of litigation for full compensation in such cases. See State ex rel. Crawford v. Industrial Comm., 110 Ohio St. 271, 143 N.E. 574; 58 O.Jur.2d Workmen's Compensation § 3.

■ To allow both compensation under the Workmen's Compensation Act and an action for punitive damages would clearly frustrate Ohio's policy of partial reimbursement. Therefore, the

1. Plaintiff Joseph Bishel makes no claim for injury to family members; nor are any claims made by Bishel's family.

Court finds that Ohio courts would not recognize an action for punitive damages where an action for compensatory damages for the same injury or disease cannot be maintained.

It appears from the record that defendant Nease was a complying employer at all times relevant herein and therefore Ohio's rule of non-liability protects it from said claims for punitive damages.

Defendant Nease is hereby granted summary judgment as to that portion of plaintiffs' first claim for relief, paragraph six of the amended complaint, attributable to the employees and to their spouses' claims for loss of services and consortium.

It is so ordered.