DELAMOTTE, APPELLANT, *v.* UNITCAST DIVISION OF MIDLAND ROSS CORPORATION ET AL., APPELLEES.

(No. L-78-039—Decided December 15, 1978.)

*Mr. Cary Cooper* and *Mr. Jack M. Lenavitt,* for appellant.
*Mr. M. Donald Carmin,* for appellee Midland Ross Corporation
*Mr. C. David Cox,* for appellee Ottawa Silica Company.

BROWN, J.  Plaintiff, David Delamotte, appeals from a summary judgment granted to the defendant Midland Ross Corporation, an appellee herein, by the Lucas County Common Pleas Court. Plaintiff, from 1942 to 1972, had been an employee of Midland Ross and a predecessor corporation acquired by Midland. (When the term defendant is used, it refers to Midland Ross Corporation as well as its predecessor corporation or corporations.) The summary judgment was based on the pleadings of the parties, the affidavit of John Pallam, an officer of Midland Ross Corporation, and the memoranda of plaintiff and defendant for and against the motion for summary judgment.

Plaintiff alleged that beginning in 1952, X-ray films of his chest, taken by defendant as part of periodic physical examinations of employees, revealed pneumoconiosis, a silicosis condition; that similar physical examinations and X-rays of plaintiff revealed this condition also in 1954, 1957, 1960, 1962, 1965, 1967; and that in each series of X-rays in each year after 1967 until 1975, the film revealed a more progressive and advanced silicosis. Plaintiff's employment with defendant ceased in August 1975.

Plaintiff alleged that defendant and its predecessor corporation knew of the X-ray findings in 1952 and every year thereafter, and that defendant fraudulently, maliciously and willfully conspired not to inform plaintiff of his silicosis condition. The plaintiff's claim for relief is grounded upon the fraud of the defendant, which caused financial loss and suffering to plaintiff. Plaintiff further alleged that as a direct and proximate result of defendant's fraud, he remained in a working environment which prevented his condition from healing.[2]

Defendant did not produce evidentiary materials which place in issue the foregoing allegations of plaintiff's complaint except to the following limited extent. The affidavit of John Pallam asserts that the X-ray reports of defendant, taken pursuant to the plaintiff's physical examination of May 3, 1972, and sent at plaintiff's request to Dr. Charles Marlow on May 8, 1972, reveal a moderate advancement of pneumoconiosis, and that plaintiff was instructed to take such X-rays to his own doctor. The evidentiary material of defendant, including the Pallam affidavit, does not contradict or controvert most of the allegations of fraud contained in plaintiff's complaint.

Defendant asserted as an affirmative defense to plaintiff's claim of fraud that plaintiff was covered by the Ohio Workers' Compensation Act; that defendant was an insurer under that Act; that plaintiff placed a claim with the Ohio Bureau of Workers' Compensation as an employee of defendant; and, accordingly, the plaintiff's present complaint was barred by the Workers' Compensation Act. The affidavit of Pallam asserted that defendant was a complying employer under the Workers'

---

[2] Plaintiff also stated in the memorandum opposing the motion for summary judgment, that R. C. 4123.54 authorizes employees suffering from occupational disease to receive disability payments for medical expenses.

Compensation Act, and that plaintiff was covered under the Act and had placed a workers' compensation claim (case No. OD12084-22) with the bureau for silicosis. These facts pertaining to plaintiff's workers' compensation claim and defendant's compliance with the Act were not disputed.

On the basis of these facts, plaintiff contends in his assignment of error that the summary judgment for defendant Midland Ross Corporation is contrary to law. We agree. We reverse.

We predicate our judgment and this result upon a thorough analysis of R. C. 4123.74, as amended in 1959, which provides:

"Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, *received or contracted by any employee in the course of or arising out of his employment* * * * whether or not such injury, occupational disease [or] bodily condition * * * is compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code." (Emphasis added.)

The emphasized language quoted above was not present in the statute before 1959, and it clearly limits the categories of injuries for which the employer is exempt from civil liability.

Where, as in this case, the employee asserts in his complaint a claim for damages based on the fraud of his employer in withholding from the employee, for many years, X-ray and physical examination findings which reveal that the employee had a silicosis disease resulting from his employment, the substance of the claim is not an "injury * * * received or contracted by any employee in the course of or arising out of his employment" within the meaning of R. C. 4123.74, but is the intentional tort of the employer. R. C. 4123.74 does not bestow upon employers immunity from civil liability for their torts. *Cf. Guy* v. *Arthur H. Thomas Co.* (1978), 55 Ohio St. 2d 183; *Indus. Comm.* v. *Bateman* (1933), 126 Ohio St. 279; *Mercer* v. *Uniroyal, Inc.* (1976), 49 Ohio App. 2d 279; *Tipple* v. *High Street Hotel Co.* (1941), 70 Ohio App. 397. See, also, *Rothfuss* v. *Bakers Mut. Ins. Co.* (1969), 107 N.J. Super. 189, 257 A. 2d 733.

The fraudulent acts of the employer, constituting the violation the rights of the plaintiff-employee, and prox-

imately causing him losses and suffering, including that deriving from his failure to promptly file a workers' compensation claim, are not a hazard of employment; such fraud is a tort of the employer not within the meaning of R. C. 4123.74. A hazard of employment does not include the risk that the employer will deprive an employee of his workers' compensation rights to medical treatment and compensation. *Flamm* v. *Bethlehem Steel Co.* (1959), 18 Misc. 2d 154, 185 N.Y.S. 2d 136, affirmed 10 A.D. 2d 881, 202 N.Y.S. 2d 222; 2A Larson, Workmen's Compensation, Section 68.32; Recent Cases, *Workmen's Compensation—Exclusiveness of Remedy Bars Action for Deceit,* 40 Minn. L. Rev. 627 (1956); Recent Cases, *Employee Denied Recovery For Loss of Compensation Claim through Employer's Deceit,* 104 Univ. Pa. L. Rev. 569 (1956); Notes, *Workmen's Compensation—Fraud—*etc., 34 Tex. L. Rev. 494 (1956).

The defendant contends that an opposite conclusion should be reached because of an opposite holding in *Bevis* v. *Armco Steel Corp.* (1949), 86 Ohio App. 525, a case with an almost identical fact situation as the case at bar. Paragraphs 1 and 3 of the syllabus of that case hold:

"Under Section 35, Article II of the Constitution of Ohio, and Section 1465-70, General Code, the open liability of employers is abolished, and in every case where the injury, disease, or bodily condition occurred in or arose out of the employment, no matter how incurred, except self-inflicted, the Workmen's Compensation Act is the exclusive remedy, and such condition is either compensable under that law or not at all, and no action of any kind may be brought against a complying employer therefor."

"In an action for false representation and fraud, brought by an employee against his employer, where the damages charged in the petition are those for which under the Workmen's Compensation Act the employee may have an award, and where such employee alleges that he has availed himself of such provisions and obtained an award of compensation, such petition is subject to demurrer."

Defendant further discusses *Roof* v. *Velsicol Chemical Corp.* (N. D. Ohio 1974), 380 F. Supp. 1373, which cites *Bevis.* Headnotes 2 and 3 of *Roof* summarize the holdings of the

United States District Court for the Northern District of Ohio:

"Rights under Workmen's Compensation Act were substituted for all previously available remedies, on theory that partial reimbursement is more socially desirable than uncertainty of litigation for full compensation in cases involving injuries sustained in work-related activity***.

"No action for punitive damages lies where action for compensatory damages for same injury or disease would be barred by Workmen's Compensation Act. R. C. Ohio §4123.01 et seq."

Defendant also relies heavily upon *Greenwalt* v. *Goodyear Tire & Rubber Co.* (1955), 164 Ohio St. 1, where the predecessor to R. C. 4123.74 (G. C. 1465-70) was held to bar a civil action by the employee against an employer who had deceitfully failed to file the employee's compensation claim after having volunteered to do so.

These two cases, *Bevis* and *Greenwalt,* creating unjust results, led to an amendment of R. C. 4123.74, in 1959, by the General Assembly. Such amendment added the phrase "received or contracted by any employee in the course of or arising out of his employment." Before 1959, R. C. 4123.74 was worded, in part, as follows:

"Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, disease or bodily condition, whether or not such injury, disease or bodily condition is compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code, *** during the period covered by [the] premium***paid [by the employer] into the state insurance fund***." (118 Ohio Laws 426, effective May 31, 1939; revised October 1, 1953.)

Moreover, in 1959, the General Assembly also enacted a rule of construction applicable to determining the scope of employment and the employer's exemption. R. C. 4123.95 provides:

"Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees."

Even in *Bevis, supra,* plaintiff is given some solace and a basis for his position. Paragraph 2 of the syllabus states:

"However, regardless of the sweeping character of such abrogation, certain common-law actions may still be maintained by an employee where the cause of action is predicated upon some wrong or contractual obligation, compensation and satisfaction for which is not furnished by the Workmen's Compensation Act, such as an action for false representation."

Another theory and principle of law which supports the conclusion that the summary judgment granted by the trial court here should be reversed is the dual-capacity doctrine, set forth in *Guy* v. *Arthur H. Thomas Co., supra.* Pursuant to that theory, the plaintiff as an employee herein is not barred from recovery from his employer in tort where the physical examinations of the employee sponsored by the defendant confer upon the defendant obligations unrelated to and independent of the obligations imposed on the defendant as the employer.

The principle of estoppel also operates to destroy defendant's immunity from civil liability, granted by R. C. Chapter 4123, the Workers' Compensation Act. An employee's remedy under the Workers' Compensation Act is not exclusive and the employee may still resort to a civil action for tortious damage where his injury arose out of an intentional or malicious tort of the employer, such as the employer's fraud. *Boek* v. *Wong Hing* (1930), 180 Minn. 470, 231 N.W. 233; *Artonio* v. *Hirsch* (1956), 4 Misc. 2d 42, 157 N.Y.S. 2d 398, modified 163 N.Y.S. 2d 489. *Cf. Skelton* v. *W.T. Grant Co.* (C. A. 5, 1964), 331 F. 2d 593; *Cohen* v. *Lion Products Co.* (D. Mass. 1959), 177 F. Supp. 486. See, also, 2A Larson, Workmen's Compensation, Section 68.

For these reasons, the plaintiff's assignment of error is well taken. The judgment of the Common Pleas Court of Lucas County is reversed and the cause is remanded to such court for further proceedings according to law.

*Judgment reversed.*

POTTER, P. J., and CONNORS, J., concur.