220 N.J. Super. 464 (1987)
532 A.2d 754
NORMA J. DUNLEVY, PLAINTIFF-APPELLANT,
v.
KEMPER INSURANCE GROUP; AMERICAN MOTORISTS INSURANCE COMPANY, AN ILLINOIS CORPORATION; ROBERT VAN DEMARK; JOHN SIMONE AND CAROL HELLER; JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 22, 1987.
Decided October 19, 1987.
*465 Before Judges PRESSLER, BILDER and MUIR, Jr.
Jan R. Evans, attorney for appellant.
Garrigle, Chierici, Palm & Wright, attorneys for respondents (William A. Garrigle, on the brief).
The opinion of the court was delivered by MUIR, Jr., J.A.D.
Plaintiff appeals from a summary judgment dismissing her complaint seeking common law damages against her employer's workers' compensation carrier for wrongful termination of court-ordered temporary disability benefits. We affirm.
Plaintiff's complaint sought compensatory and punitive damages for emotional and mental anguish sustained when defendant *466 American Motorists Insurance Company (American) unilaterally terminated her temporary disability benefits required by a compensation court award. The complaint alleged American negligently, willfully, wantonly, fraudulently and with intentional bad faith refused to make payments. This, plaintiff alleged, caused her mental, emotional and "physical" anguish. Judge Davis, in granting defendants' motion for summary judgment, concluded N.J.S.A. 34:15-28.1 provided an exclusive remedy for American's failure to make the required payments. In the process, he distinguished, and found inapplicable, the holdings of Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161 (1985).
Plaintiff argues the statute neither expressly nor impliedly grants an exclusive remedy when there is, as here, an allegation of an intentional infliction of injury. Thus, the central issue is whether the statutory remedy of N.J.S.A. 34:15-28.1 is exclusive to all other forms of common law redress when a compensation carrier, with the alleged intent to inflict harm, wrongfully terminates temporary disability benefits. A secondary issue, necessary to resolve the first, is whether N.J.S.A. 34:15-28.1 applies to a compensation carrier's unilateral termination of court adjudicated temporary benefits. We answer both issues in the affirmative.
The following are the facts, as reflected by the documents properly before the trial court on the summary judgment, viewed most favorably to the plaintiff.
Plaintiff sustained injuries, physical and mental, in the course of her employment at Northeast Apparel, Inc. At that time, American provided workers compensation insurance to Northeast. On May 17, 1981, a compensation judge ordered that Northeast pay "temporary compensation pursuant to statutory guidelines." He also ordered Northeast to authorize Dr. Carl Berger as the treating psychiatrist with "[Berger] rendering periodic reports covering treatment of petitioner."
*467 On January 3, 1985, Berger's reports brought about a meeting between the three individual defendants, claims personnel for American. The three defendants concluded Berger over-treated plaintiff and caused American undue expense.
On January 7, 1985, counsel for American, by letter, advised plaintiff she should appear for examination by a psychiatrist, Dr. Walden Hall. On February 1, 1985, the same counsel wrote to Hall asserting costs of Berger's psychiatric treatment were staggering and that plaintiff's psychiatric problems should be her own responsibility. On March 5, Hall examined plaintiff. In his report to American, he stated plaintiff had reached a plateau of recovery relative to her work-related psychiatric problems. He attributed the bulk of plaintiff's psychiatric problems to factors pre-existing the work-related injury.
On March 12, 1985, American advised plaintiff her payments for psychiatric treatment were terminated. On April 15, American further advised plaintiff that the termination would be retroactive to March 5, 1985.
On July 23, 1985, a compensation judge ordered the reinstatement of temporary disability benefits and reinstatement of Berger as the treating psychiatrist. The judge also ordered payment of all Berger's outstanding bills. In a preamble to the order, the judge stated that a motion to the court was the only appropriate method for changing the temporary disability benefits. The order made no mention of penalties.
Judge Davis, at oral argument on the summary judgment motion, questioned plaintiff's counsel concerning the lack of penalties. Counsel acknowledged that while he sought relief pursuant to N.J.S.A. 34:15-28.1, he waived the penalties as part of a settlement.
N.J.S.A. 34:15-28.1 provides:
If a self-insured or uninsured employer or employer's insurance carrier, having actual knowledge of the occurrence of the injury, or having received notice thereof such that temporary disability compensation is due pursuant to R.S. 34:15-17, unreasonably or negligently delays or refuses to pay temporary disability compensation, or unreasonably or negligently delays denial of a claim, *468 it shall be liable to the petitioner for an additional amount of 25% of the amounts then due plus any reasonable legal fees incurred by the petitioner as a result of and in relation to such delays or refusals. A delay of 30 days or more shall give rise to a rebuttable presumption of unreasonable and negligent conduct on the part of a self-insured or uninsured employer or an employer's insurance carrier.
The plain intent of the law is to ensure the prompt payment of temporary disability compensation. Amorosa v. Jersey City Welding & Mach. Works, 214 N.J. Super. 130, 136-37 (App.Div. 1986). Since temporary disability payments form a partial substitute for weekly pay checks, there is need for prompt payment. Id. at 137. The need for prompt payment applies not only to delay or refusal to pay interim payments of compensation but also to delays in payment of adjudicated awards of temporary disability. Ibid.
The remedy applies equally to the circumstances here. American's obligation to pay temporary disability benefits could only be obviated by another compensation court order. Given the plain intent of the law and its legislative rationale, we conclude N.J.S.A. 34:15-28.1 provided a remedy by way of penalty for American's unilateral cessation of the adjudicated temporary disability benefits.
The issue of the exclusivity of the remedy has not been resolved in any reported decision. The only analogous reported decision is Rothfuss v. Bakers Mut. Insurance Co., 107 N.J. Super. 189 (App.Div. 1969).
Rothfuss involved a claim that plaintiff's employer's workers' compensation carrier refused to provide medical and hospital services or expenses required by N.J.S.A. 34:15-15. The statute, to alleviate delay of treatment in the event of a refusal or neglect to provide the required benefits, authorized the employee to secure his own treatment and services making the employer liable for cost thereof. The Rothfuss court, citing N.J.S.A. 34:15-7 and N.J.S.A. 34:15-8, held N.J.S.A. 34:15-15 provided a remedy which excluded all other common law remedies. Id. at 193.
*469 The holding recognized a correlation between the specificity of redress in N.J.S.A. 34:15-15 and the specificity of redress in N.J.S.A. 34:15-8. By making the comparison, the court, in essence, said any specific remedy for enforcement of workers compensation law must delineate the full scope of redress. In absence of redress alternatives, as occurred under N.J.S.A. 34:15-8 allowing common law redress for intentional acts, the worker is limited to the specific redress of the remedial provision.
The reasoning of Rothfuss is applicable here. The Legislature recognized the need to impose sanctions when the party responsible for providing temporary disability benefits unreasonably or negligently fails to do so. It therefore provided the specific remedy of penalties in N.J.S.A. 34:15-28.1. Had the lawmakers intended common law redress also be available for intentional conduct in failing to provide benefits, it could have readily done so in the manner of N.J.S.A. 34:15-8. The legislative omission persuades us that the lawmakers intended the penalty provisions of N.J.S.A. 34:15-28.1 to be the exclusive remedy.
The majority of reported cases considering tort actions for "intentional delay in or termination of payments or of medical treatments" have similarly held there is no cause for action. 2A A. Larson, The Law of Workmen's Compensation, § 68.34(c) (1986). At least one of those cases, Whitten v. American Mut. Liability Ins. Co., 468 F. Supp. 470 (D.S.C. 1977), aff'd., 594 F.2d 860 (1979), found the specific nature of remedial legislation for failure of an employer to pay required benefits a rationale for sustaining the exclusivity of that legislation in the face of a common law action for redress.
Finally, we concur with Judge Davis's conclusion that Millison is inapposite. Millison dealt with an intentional tort of an employer in the workplace. It did not deal with the intentional *470 wrongful conduct of a compensation carrier in refusing to provide required benefits. We find the distinction controlling.
Affirmed.