VANDEMARK, APPELLEE, *v.* SOUTHLAND CORPORATION, APPELLANT.

[Cite as Vandemark *v.* Southland Corp. (1988), 38 Ohio St. 3d 1.]

(No. 87-714—Submitted February 9, 1988—Decided July 13, 1988.)

2

*Sambol & Associates* and *MaryLee Gill Sambol,* for appellee.

*Beiser, Greer & Landis* and *David F. Rudwall,* for appellant.

SWEENEY, J. The defendant-appellant contends that plaintiff has failed to state a claim for relief, and that under *Greenwalt, supra,* the injured employee is solely responsible for the filing of his workers' compensation claim. Defendant submits that the instant action is barred under R.C. 4123.84 by the lapse of more than two years from the date of the injury.

Plaintiff-appellee argues that defendant, as a self-insured employer,[1] was ultimately responsible for the submission of his claim to the bureau under former Ohio Adm. Code 4121-9-03(K), once plaintiff had submitted his claim to the employer. Plaintiff asserts that he did all that was required in order to submit a claim for work-related injuries to a self-insured employer, and that it was logical for him to believe that he was being paid workers' compensation benefits after his injury since he completed an application for benefits and submitted the same to his employer. Plaintiff fur-

---

[1] Defendant now claims for the first time before this court that it was not a self-insured employer at the relevant time in question. However, such assertion is not properly before this court inasmuch as it was not disputed or brought to the attention of the courts below.

ther argues that defendant's statute-of-limitations defense is irrelevant because the instant complaint seeks redress for the employer's breach of duty in not submitting his claim to the bureau; it does not seek workers' compensation benefits.

In reviewing the allegations of plaintiff's complaint, it should be noted that the allegation charging that the injury was aggravated by defendant's premature return-to-work order states no redressable cause of action. Plaintiff does not allege intentional conduct in this regard, and any aggravation of his injuries caused by his return to work was sustained in the course of his employment. Therefore, with respect to this particular allegation, the employer is immune from suit pursuant to R.C. 4123.74.

Notwithstanding the foregoing determination, we do not believe that R.C. 4123.74 provides immunity to defendant-employer with respect to the essential allegations set forth in plaintiff's complaint for the simple reason that the remaining allegations do not seek entitlement to workers' compensation benefits. In view of plaintiff's complaint, we agree with the conclusion of the court of appeals that the central cause alleged herein falls outside the scope of the workers' compensation statutes. The injury alleged in this regard is not a physical injury sustained in the course of employment; rather, it is in the nature of a financial injury that resulted from the employer's alleged failure to process a workers' compensation claim back in 1980. The injury alleged in plaintiff's complaint occurred when plaintiff discovered that defendant had not processed the prior claim. The failure of defendant to do so precludes plaintiff from "re-opening" his prior claim since the bureau has no prior claim to re-open.

R.C. 4123.35 was amended in 1977 (136 Ohio Laws, Part I, 1075, 1133, 1135) to require the Industrial Commission to adopt rules establishing a minimal level of performance as a criterion for an employer to gain permission to self-insure in the area of workers' compensation. The adopted rules embodied in the Ohio Administrative Code provided that the self-insured employer notify the Bureau of Workers' Compensation as to recognized medical conditions within thirty days of submission of the claim. Ohio Adm. Code 4121-9-03(M) (10).

Since the instant action was determined on a Civ. R. 12(C) motion, the party against whom the motion is made is entitled to have all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in his favor as true. *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 165-166, 63 O.O. 2d 262, 264, 297 N.E. 2d 113, 117. Under such circumstances, the courts below were correct in presuming that the defendant, as a self-insured employer, failed to satisfy its duty to notify the bureau of any recognized medical condition within thirty days of submission of the claim by the injured employee under Ohio Adm. Code 4121-9-03(M)(10). Nevertheless, if paragraph two of the syllabus in *Greenwalt, supra,* is still good law, the plaintiff herein will be unable to state a cognizable cause of action in tort against the defendant-employer. Therefore, we believe that a re-examination of this court's prior decision in *Greenwalt* is in order.

A review of the facts in *Greenwalt, supra,* indicates a strong resemblance to the facts *sub judice.* See *Egan* v. *Natl. Distillers & Chemical Corp.* (1986), 25 Ohio St. 3d 176, 182, 184-185, 25 OBR 243, 248, 250, 495

N.E. 2d 904, 909, 911 (Douglas, J., concurring in judgment only). In *Greenwalt*, the plaintiff became permanently and totally disabled due to work-related injuries. After submitting a workers' compensation claim with his self-insured employer, employee Greenwalt was led to believe that the subsequent payments he was receiving were the result of his workers' compensation claim. In reality, Greenwalt's employer was paying him compensation out of its own pocket for approximately two years. At the end of two years, the employer stopped the payments to Greenwalt, and Greenwalt obtained counsel whereupon he discovered that the employer had never submitted Greenwalt's workers' compensation application with the Industrial Commission. Upon filing his claim directly with the Industrial Commission, Greenwalt was informed that his application was denied because it had not been filed within two years of the date the injuries were sustained. Greenwalt then commenced an action for damages against his former employer for its failure to submit his workers' compensation claim to the Industrial Commission. The trial court dismissed Greenwalt's complaint upon the employer's demurrer, and the court of appeals affirmed the dismissal. Upon appeal before this court, a bare four-to-three majority upheld the lower courts' judgments. In arriving at its decision, the majority opined that the Workers' Compensation Act provided Greenwalt with his exclusive remedy.

Predictably, the law enunciated in *Greenwalt, supra,* was subjected, and continues to be subjected, to harsh criticism. In a dissenting opinion to the majority decision in *Greenwalt*, Judge William L. Hart stated:

"In my opinion the cause of action here asserted has nothing to do with liability of the employer under the Workmen's Compensation Act. If a lawyer had undertaken to prosecute the plaintiff's claim and the lawyer had failed to file the claim until after the expiration of the period prescribed by the statute of limitations, he would be liable to the plaintiff for negligence as in an action for malpractice. * * *" *Id.* at 8, 57 O.O. at 60, 128 N.E. 2d at 121.

In addition, Judge Charles B. Zimmerman offered his own dissenting viewpoint:

"* * * [W]here an employee sustains an injury through the negligence or misconduct of his employer, which is clearly outside the scope of the Workmen's Compensation Act, he may maintain an action against his employer to recover damages therefor." *Id.* at 9, 57 O.O. at 61, 128 N.E. 2d at 121.

One of the foremost commentators in the area of workers' compensation has characterized the *Greenwalt* decision as "distasteful," and that it is related to an "extreme position." 2A Larson, Workmen's Compensation (1988) 13-9, Section 68.32(b), fn. 46.2, at 13-97 to 13-98.

The court of appeals' opinion in *Delamotte* v. *Midland Ross* (1978), 64 Ohio App. 2d 159, 163, 18 O.O. 3d 117, 119-120, 411 N.E. 2d 814, 817, determined that *Greenwalt* had been legislatively overruled when the General Assembly amended R.C. 4123.74 to limit employer immunity to physical injuries or conditions arising out of employment.

In light of these observations and for the reasons that follow, we find that continued reliance on the standard enunciated in *Greenwalt* appears to be inappropriate given this court's recognition of an intentional tort cause of action outside the Workers' Compensation Act in *Blankenship* v. *Cin-*

*cinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608, 23 O.O. 3d 504, 433 N.E. 2d 572,[2] and *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, 15 OBR 246, 472 N.E. 2d 1046.

Given the gross unfairness inherent in the *Greenwalt* standard, we believe that the most prudent course is to overrule paragraph two of the syllabus in *Greenwalt, supra,* and announce a new standard. In our opinion, the archaic view expressed by the bare majority in *Greenwalt, supra,* should no longer be countenanced by this court.

Therefore, we repudiate the law enunciated in paragraph two of the syllabus in *Greenwalt,* and hold that a cause of action in tort may be stated where a self-insured employer fails to process a workers' compensation claim submitted to it by its employee and the employee is unable to personally file the claim because the statutory limitations period has expired.

The cause of action alleged herein, like the cause alleged in *Greenwalt,* requests relief outside the workers' compensation system from a self-insured employer who led its employee to believe that his claim was submitted and approved by the bureau or Industrial Commission. However, unlike the majority view expressed in *Greenwalt,* we are unwilling, under the guise of employer immunity, to reaffirm a standard that is grossly unfair. To hold an employer immune from suit under the cloak of R.C. 4123.74 in circumstances similar to the instant cause would be totally unjustified and manifestly unfair. As mentioned before, the instant cause is not a workers' compensation action; it is a common-law action for damages outside the scope of workers' compensation. In addition, the Ohio Administrative Code imposes a duty on a self-insured employer to submit its employee's claim, regardless of its position on the merits of the claim, to the bureau within thirty days of the submission of the claim by the employee. Such a duty is minimal. However, a failure of an employer to satisfy such a minimal duty, either negligently or intentionally, can be potentially devastating to the injured employee. Once the employer fails to satisfy this duty, workers' compensation benefits to the injured employee may be precluded as in the cause *sub judice* by virtue of the statute of limitations (R.C. 4123.84). In our view, a common-law cause of action in tort should arise against the employer where the failure to submit the employee's claim to the the bureau ultimately prevents the employee from having his or her claim reviewed by the bureau. Regardless of whether one concludes that the General Assembly legislatively overruled *Greenwalt, supra,* by amending R.C. 4123.74, as suggested by the appellate court in *Delamotte, supra,* or whether one views the *Greenwalt* decision as patently unjust, especially in light of *Blankenship* or *Jones,* an employee should have a common-law remedy where the employer's failure to submit the claim of the employee precludes

---

[2] In footnote 7 of the *Blankenship* opinion, it was stated that *Greenwalt* was factually distinguishable on the basis that *Greenwalt* involved "omission" on the part of the employer, and not "commission." In our view, this characterization of the employer's conduct in *Greenwalt* was fundamentally flawed. The employer in *Greenwalt* deliberately pursued a course of conduct intended to lull the employee-claimant into a false belief that his workers' compensation application had been filed when in fact it had not. A careful reading of the *Greenwalt* case reveals that the "omission" of not filing the claim was only one of several elements of the action for deceit which the employee was attempting to establish.

the employee from the remedies provided by the workers' compensation system. Therefore, based on these reasons, the decision of the court of appeals below must be affirmed.

Turning our attention to the other issue raised before us, we find that defendant-appellant's argument that the instant cause is time-barred under R.C. 4123.84 must be rejected. As discussed herein, the instant action is not a workers' compensation action, and, therefore, R.C. 4123.84 is inapplicable. Similarly, defendant's assertion that the two-year limitations period for personal injury applies (R.C. 2305.10) is rejected because the complaint filed herein does not allege the type of personal injuries contemplated by that statute.

As stated previously, the "injury" which is the basis of plaintiff's complaint is the injury which resulted from defendant's failure to process his workers' compensation claim. If plaintiff's complaint is viewed as one stating a cause of action for an insurer's failure to handle a claim in good faith, or any other recognized cause of action in tort not involving bodily injury or injury to personal property, the applicable statute of limitations would be R.C. 2305.09, which provides a four-year limitations period. See *Kunz* v. *Buckeye Union Ins. Co.* (1982), 1 Ohio St. 3d 79, 1 OBR 117, 437 N.E. 2d 1194. In any event, as the appellate court below pointed out, the pleadings do not affirmatively show that the cause of action was time-barred by any statute of limitations. See *Peterson, supra*; and *Velotta* v. *Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St. 2d 376, 23 O.O. 3d 346, 433 N.E. 2d 147, paragraph three of the syllabus. A review of the record below indicates that defendant's statute-of-limitations argument was set forth in its Civ. R. 12(B)(6) motion. In employ- ing the standard by which a court must review a Civ. R. 12(B)(6) motion, *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, we determine it does not appear that plaintiff's complaint was untimely filed. Thus, we find that the court of appeals correctly held that the plaintiff may be able to prove a set of facts entitling him to recovery in light of the allegations of the complaint, coupled with the reasonable inferences deducible therefrom.

Accordingly, based on all the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

LOCHER, DOUGLAS and H. BROWN, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. Under any analysis of the law, either under the facts as this case was presented and decided by the lower courts, or under the actual facts as presented herein, the majority opinion is legally erroneous even though arriving at a correct conclusion.

Unfortunately, counsel for the employer permitted this case to advance through the lower courts in a most unusual stance. The issues come to us for a determination of the liability of the employer here as if this employer were a self-insured employer under the workers' compensation law of Ohio. Indeed, the issues were presented to the trial court on motion for judgment on the pleadings in this manner, and the trial court dismissed, relying on *Greenwalt* v. *Goodyear Tire & Rubber Co.* (1955), 164 Ohio St. 1, 57 O.O. 57, 128 N.E. 2d 116. The matter

was also reviewed by the court of appeals in that stance, and the trial court was reversed, both upon the basis that Southland was a non-complying self-insured employer under R.C. 4123.77, and that "the complaint alleges a pecuniary loss as the direct result of misconduct or negligence * * *."

It was not until briefs were filed with this court, and again upon oral argument, that it was disclosed that Southland was in fact not a self-insured employer, but a complying employer contributing to the State Insurance Fund. Further, the facts show Southland was carrying health and accident group coverage through a private insurance carrier, and Vandemark had received short-term disability benefits from such source.

The law that would be applicable to a complying State Insurance Fund employer, versus the law that would be applicable to a self-insured employer, differs as regards the duty of the employer to *file* applications for the payment of compensation and medical expenses of the employees. Although Ohio Adm. Code 4123-3-08(A)(8) does mandate a duty upon all employers to "assist" injured or disabled employees in the preparation and submission of applications for compensation and/or benefits, this section does not require the insurance fund employer to be the one responsible for the filing of the application. There is greater specificity in this regard by way of Ohio Adm. Code 4123-3-06(A)(1) which states that "[a]n *employee* of an employer contributing to the private fund shall make application for the payment of such compensation and medical expenses * * *." (Emphasis added.) And, further, relative to a self-insuring employer, (A)(2) of this regulation provides that "[t]he *employee and the self-insuring employer shall* complete form C-50 and *file* same with the bureau * * *." (Emphasis added.)

The consideration of the rights and duties of a complying insurance-fund employer could well be viewed in a different light if there had been malice, fraud, misrepresentation, or affirmative misconduct alleged in the complaint here, but no such allegations were set forth. Upon the basis of the actual facts known to be present here and the applicable law, this matter should be remanded to the trial court for a correct determination upon such facts and the law. Otherwise, judgment should be entered for the defendant Southland Corporation. On this basis, I dissent from the opinion of the majority.

However, in that the majority has rendered an advisory opinion herein based upon facts other than actually exist, I shall herewith set forth pertinent commentary disagreeing with the law enunciated by the majority, but agreeing with the conclusion as it would relate to a self-insured employer.

The majority mischaracterizes Vandemark's cause of action as one which "falls outside the scope of the workers' compensation statutes" and into the scope of the common law. More accurately, Vandemark's cause of action against Southland Corporation for damages suffered by his alleged self-insured employer's non-compliance with the requirements of R.C. 4123.35 is preserved and defined by the workers' compensation statutes, R.C. 4123.75 through 4123.77. Vandemark timely filed such action, pursuant to R.C. 2305.09(D). Our decision in *Greenwalt,* wherein the employer was *not* a "noncomplying employer" under then existing statutes, is patently distinguishable from the instant case and need not be overruled. Therefore, I concur only in the conclusion as reached by the majority in this regard.

Southland Corporation, as a self-

insured (direct payment) employer for workers' compensation purposes, was required to comply with the provisions of R.C. 4123.35 and the rules promulgated thereunder. The rules mandated by R.C. 4123.35 were first promulgated in July 1962 and now provide strict standards and procedures to be followed by self-insured employers. Ohio Adm. Code 4121-9-01(C) states:

" 'Self-insurance' is a privilege granted or denied after an appropriate hearing before the industrial commission. Once granted the privilege of self-insurance, *the company determines the first level of a claim* and must have employees with a working knowledge of current Ohio workers' compensation law and all rules and regulations of the bureau of workers' compensation and the industrial commission. A self-insured employer may, without any prior order from the commission, grant or refuse to grant any claim made under the Ohio Workers' Compensation Act. * * * It may not pay compensation or benefits less than that which is required by law." (Emphasis added.)

Thus, under this rule, the self-insured employer is responsible for determining an injured employee's claim for compensation, which determination must be made following the guidelines of the Workers' Compensation Act. If an award is made, the compensation paid may not be less than the amount payable under the Act. This requirement is reiterated in Ohio Adm. Code 4121-9-03(M):

"Minimal level of performance as a criterion for granting permission to pay compensation directly.
"* * *

"(7) The employer shall pay all compensation as required by the workers' compensation laws of the state of Ohio. By becoming self-insured, the employer agrees to abide by the rules and regulations of the bureau and industrial commission and further agrees to pay compensation and benefits subject to the provisions of these rules. * * *"

Most importantly in the case at bar, Ohio Adm. Code 4121-9-03(M)(10) requires the employer to *notify* the claimant, the Bureau of Workers' Compensation or the Industrial Commission in writing as to what conditions of the claimant's injury it has recognized and those conditions it refuses to recognize. Until such notice is given to the Industrial Commission or the bureau, the two-year limitations period (measured from time of injury), assuming this period is the one applicable, continues to run. It is obvious, then, that when the self-insured employer fails to file the notice, it is not only in violation of these rules but is also seriously jeopardizing the rights of the claimant to participate in the State Insurance Fund.

An employee certainly has a cause of action against such non-complying self-insured employer. That action is not born of this court's *Blankenship* decision, but rather is statutory in its origin. R.C. 4123.77 provides:

"*Employers* mentioned in division (B)(2) of section 4123.01 of the Revised Code, *who fail to comply with section 4123.35* of the Revised Code are not entitled to the benefits of sections 4123.01 to 4123.94, inclusive, of the Revised Code, during the period of such noncompliance, but *are liable to their employees for damages suffered* by reason of personal injuries sustained in the course of employment caused by the wrongful act, neglect, or default of the employer, or any of the employer's officers, agents, or employees, and also to the personal representatives of such employees where death results from such injuries, *and in such action the defendant shall not avail himself or itself of the following common law defenses:*

"(A) The defense of the fellow servant rule;

"(B) The defense of the assumption of risk;

"(C) The defense of contributory negligence.

"Such employers are subject to sections 4123.37 and 4123.75[3] of the Revised Code." (Emphasis and footnote added.)

Thus, the noncomplying self-insured employer *is not entitled* to the immunity of R.C. Chapter 4123 and is fully liable to the employee for amounts it unlawfully underpaid and for damages which flow from its failure to toll the statute of limitations by notifying the commission or bureau of the claim.

Furthermore, Vandemark's claim is not governed by the two-year period of R.C. 4123.84, as that section affects only *claims* for *compensation,* not civil actions against a noncompliant employer stripped of its immunity. That statute is clearly limited to "claims for compensation or benefits for the specific part or parts of the body injured." Rather, his claim is governed by the four-year torts provision of R.C. 2305.09(D):

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"* * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304. 29 of the Revised Code."

Since Vandemark's claim for damages accrued upon discovery of his employer's neglect, allegedly in June 1985, his action was timely filed.

Finally, as suggested above, *Greenwalt* v. *Goodyear Tire & Rubber Co., supra,* is distinguishable from the facts presented herein, based on the change in law since that case was decided. Although Goodyear was a self-insured employer, as allegedly is Southland Corporation, the workers' compensation law in 1955 (R.C. 4123.35, effective October 1, 1953) did not require Goodyear to *notify* the commission of Greenwalt's claim. At that time, the burden to do so was with Greenwalt, and the gratuitous promise

---

[3] R.C. 4123.75 provides, in part:

"Any employee whose employer has failed to comply with section 4123.35 of the Revised Code, who has been injured or has suffered an occupational disease in the course of his employment, which was not purposely self-inflicted, or his dependents in case death has ensued, may file his application with the industrial commission for compensation and the commission shall hear and determine such application for compensation in like manner as in other claims and shall make such award to such claimant as he would be entitled to receive if such employer had complied with section 4123.35 of the Revised Code. Payment of the claim shall be made promptly from the statutory surplus fund. Such payment shall not bar any action under section 4123.77 of the Revised Code. If a recovery is made in an action under section 4123.77 of the Revised Code any funds paid from the state insurance fund under this section shall be repaid by the claimant. * * *"

Similarly, Ohio Adm. Code 4121-14-01 provides:

"The employers, as defined in division (B) of section 4123.01 of the Revised Code, who either fail to establish industrial coverage and make payments of premiums to the state insurance fund, as required by Chapter 4123. of the Revised Code and rules of the industrial commission and the bureau of workers' compensation, or fail to comply with the requirements for self-insurance under section 4123.35 of the Revised Code and the rules of the industrial commission, shall be regarded as noncomplying employers."

of Goodyear to do so did not alter Greenwalt's responsibility. Now, since the self-insured employer has been given the duty both to *determine* the initial claim and *notify* the commission of its decision, the *Greenwalt* case is not dispositive.

Although I agree with conclusions as reached by the majority albeit through the application of other law, I dissent in that the actual facts of the matter would require the application of the aforestated law pertaining to a complying State Insurance Fund employer.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.