**UREY, Appellee,**

v.

**ALSIDE, INC., Appellant.**

[Cite as *Urey v. Alside, Inc.* (1989), 64 Ohio App.3d 619.]

Court of Appeals of Ohio,
Summit County.

No. 14026.

Decided Sept. 27, 1989.

*Ben Sheerer Law Office* and *Thomas R. Pitts,* for appellee.

*David A. Campbell* and *Mario Gaitanos,* for appellant.

———

BAIRD, Judge.

This cause came before the court upon the appeal of Alside, Inc. from the trial court's grant of partial summary judgment in favor of the appellee, Sylvia Urey. We dismiss the appeal pursuant to R.C. 2505.02.

In 1984, Urey received a work-related injury while employed with Alside. Alside, as a self-insuring employer, was under the obligation to pay compensation directly to Urey upon an order from the Industrial Commission. The commission determined that Urey's claim was valid and ordered her employer to compensate her. Alside complied with the order. Urey sought additional compensation in 1987 for an aggravation of her arthritis resulting from the accident in 1984.

A hearing was held before the Industrial Commission wherein the district hearing officer allowed the claim and ordered additional compensation. On appeal, the Canton Regional Board of Review affirmed the hearing officer's order. Alside did not comply with the order and refused to pay the additional benefits to Urey.

As a result, Urey took two courses of action. She filed a complaint with the Industrial Commission and she filed a civil complaint in the court of common pleas. The civil complaint is the subject of this appeal. In the first count of the complaint, Urey alleges that the nonpayment of her benefits amounted to conversion. In the second count, she alleges that Alside's intentional failure to pay amounted to a breach of its statutory duty as a self-insuring employer.

Alside filed a motion for summary judgment claiming it was immune from suit under the workers' compensation statute. Urey also moved for summary judgment, but only upon the issue of liability. The trial court denied Alside's motion but granted a partial summary judgment in Urey's favor. In so doing, it held that:

" * * * Defendant intentionally and wrongfully failed to pay Plaintiff compensation to which she was entitled. The Court finds that Defendant's refusal to pay lawfully ordered payments of compensation to Plaintiff was unjustified, intentional, and wrongful.

"Based on the above, the Court finds that pursuant to C.R. 56, taken in a light most favorable to Defendant, no genuine issues of fact remain as to the issue of liability. In accordance, Plaintiff's Motion is found to be well taken and summary judgment is hereby granted on the issue of liability."

Alside appeals and assigns two errors:

"1. The trial court erred as plaintiff's motion for partial summary judgment as granted in the court's order is not based on current Ohio intentional tort law.

"2. The trial court erred in not granting defendant's motion for summary judgment based on current Ohio intentional tort law."

This court is without jurisdiction to address the appellant's two assignments of error for the following reasons. The order of the trial court granting summary judgment only on the issue of liability arose out of a tort action for money damages. The Ohio Supreme Court has recognized the right of an employee of a self-insured employer to maintain an action against his employer for intentional and wrongful termination of workers' compensation payments. *Balyint v. Arkansas Best Freight System, Inc.* (1985), 18 Ohio St.3d 126, 18 OBR 188, 480 N.E.2d 417, syllabus. In *Balyint*, the court stated that an employee's participation in the workers' compensation scheme does not preclude him from enforcing his common-law remedies against his employer for this type of intentional conduct. *Id.* at 129, 18 OBR at 190, 480 N.E.2d at 419, citing *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572, syllabus.

The *Balyint* court was divided however, as to whether the cause of action, albeit intentional, was a *Blankenship*-type intentional tort action or a tort action outside of the workers' compensation scheme. The characterization of the action has particular relevance to this court's determination as to the finality of the trial court's order. If deemed a *Blankenship* intentional tort action, the action would be governed by R.C. 4121.80 and the order may be final, for R.C. 4121.80(D) states that once the trial court finds that an intentional tort exists, its jurisdiction ends and the issue of damages is decided by the workers' compensation commission. If characterized as a common-law tort action, then the summary judgment on liability alone does not resolve the case, for the issue of damages is yet to be decided.

In a later decision, *Vandemark v. Southland Corp.* (1988), 38 Ohio St.3d 1, 525 N.E.2d 1374, the court further defined the nature of an action brought by an employee against a self-insured employer who fails to carry out its statutory responsibilities. In that case, the court held that a civil action exists for the failure of a self-insured employer to process a workers' compensation claim. *Id.* at syllabus. The court stated that the employee's cause of action fell outside the scope of the Workers' Compensation Act:

" * * * In view of plaintiff's complaint, we agree with the conclusion of the court of appeals that the central cause alleged herein falls outside the scope of the workers' compensation statutes. The injury alleged in this regard is not a physical injury sustained in the course of employment; rather, it is in the

nature of a financial injury that resulted from the employer's alleged failure to process a workers' compensation claim * * *." *Id.* at 4, 525 N.E.2d at 1376–1377.

From our review of *Balyint*[1] and *Vandemark,* we conclude that Urey's complaint presents claims based on common-law tort principles distinct and separate from the workers'-compensation-type intentional tort governed by R.C. 4121.80.

In light of our determination that Urey's suit against Alside is a common-law tort action outside the workers' compensation scheme, this court holds that the trial court's grant of partial summary judgment on the issue of liability is not a final order. The trial court's award was premised upon Civ.R. 56(C), which provides in part:

" * * * A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

The interlocutory nature of such an order precludes it from being immediately appealable. *Cammack v. V.N. Holderman & Sons* (1973), 37 Ohio App.2d 79, 80–81, 66 O.O.2d 135, 136, 307 N.E.2d 38, 39–40. See, also, *Mayfred Co. v. Bedford Heights* (1980), 70 Ohio App.2d 1, 2, 24 O.O.3d 5, 6, 433 N.E.2d 620, 621.

The appeal is dismissed for lack of a final order.

*Appeal dismissed.*

CACIOPPO, P.J., and HINES, J., concur.

ROBERT B. HINES, J., of the Probate and Juvenile Courts of Holmes County, sitting by assignment.

---

1. Though apparently this was not the conclusion of the two members who concurred in the lead opinion, it is equally apparent that the other five Justices who participated in *Balyint, supra,* felt that the *Blankenship* theory of liability is applicable only to injuries occurring in the work environment. An injury such as the one alleged in the case at bar did not arise out of an occurrence in the work environment, and any cause of action based on such an injury has nothing to do with *Blankenship,* and, hence, nothing to do with R.C. 4121.80.