Being unable to agree with the majority opinion, I respectfully dissent. Pursuant to statute, plaintiff was to have notified the Bureau of Workers' Compensation or the Industrial Commission of her injury within the statutorily prescribed two years or be barred from pursuing the claim. Plaintiff failed to do so. Instead, she gave the form intended for the bureau or the commission to her state-fund employer who delayed in forwarding it for filing.
While the majority suggests the bureau's forms are confusing or even misleading, the form prescribed for First Report of Inquiry ("FROI") plainly sets forth a telephone number for reporting claims or the procedure for completing the FROI, including the direction to mail the completed form to the bureau at the address provided. Although the form also contains directions for self-insuring employers, it at the same time indicates the employer should be able to tell the injured worker if it is a self-insurer. Accordingly, even if the bureau's forms could be made still clearer, the current form creates neither deception nor confusion, apart from that inherent in having a system of both self-insured and state-fund employers with differing procedures for each.
Rather, the time lapse which resulted in plaintiff's claim being barred occurred either in her own delay in processing the form or in the employer's holding the form. If the latter be the cause, plaintiff's remedy may lie in an action against her employer. See Vandemark v. Southland Corporation (1988), 38 Ohio St.3d 1
(determining that a tort action premised on an employer's breach of duty with respect to handling a claim does not seek entitlement to workers' compensation benefits and thus the immunity available to employers under R.C. 4123.74 does not apply). Without question, plaintiff's action against her employer presents hurdles, as a state-fund employer generally has no duty to file a claim for its employee. At this juncture, however, we do not know what, if anything, the employer said or did to cause plaintiff to take no action on her claim.
In any event, plaintiff's remedy, if factually supported, lies in her potential action against her employer, not in deeming all employers to be agents of the bureau for purposes of R.C. 4123.84, absent statutory enactment to that effect.